SULLIVAN *v.* HUGHES *et al.*

(Division B. May 6, 1935. Suggestion of Error Overruled June 3, 1935).

[161 So. 316. No. 31706.]

**Sullivan & Sullivan**, of Hattiesburg, for appellant.

Cooper & Thomas, of Indianola, for appellees.

A. M. O'Neil, of Drew, for appellees.

748

Argued orally by **C. W. Sullivan**, for appellant, and by **Forest C. Cooper**, and **A. M. O'Neil**, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

J. B. Hughes and Etta Hughes, appellees, executed a deed of trust in favor of the Building & Loan Association of Jackson, Mississippi, upon property situated in Sunflower and Tallahatchie counties, to secure the indebtedness therein described. Subsequently, the Building & Loan Association of Jackson was, by the chancery court of Hinds county, placed in receivership and W. O. Rea was appointed receiver. Thereafter, said W. O. Rea, with the approval of said chancery court, substituted said C. W. Sullivan as trustee in the deed of trust and directed him to foreclose said deed of trust and sell the property to satisfy said debt.

Appellees filed, in the chancery court of Sunflower county, Mississippi, a bill to enjoin said sale, alleging therein that said C. W. Sullivan, substituted trustee, proceeded to advertise all of the property described in said deed of trust, giving notice that it would be sold on January 10, 1935, and made the advertisements exhibits to the bill. It was then alleged that after the execution of said deed of trust the territory in which the property was located, and in which the appellees reside, was in the throes of what is commonly recognized as a worldwide depression, and the ability of debtors to repay promptly their obligations, through no fault of their own, was rendered uncertain; that appellees have endeavored,

to the best of their ability, to pay as much as possible on the obligations secured by said deed of trust; and that appellees, notwithstanding said troubles which were beyond their control, have paid various and sundry amounts on said indebtedness to the Building & Loan Association, through its duly authorized agents during its life, and to W. O. Rea, receiver, after his appointment, but that appellees are informed and so believe and state on said information that neither the loan association, nor the said receiver, applied all payments received upon said indebtedness, and, in some instances, where amounts were paid with the agreement and understanding that the same would be applied upon the payment of taxes due on the property, the receiver and his predecessor in title have failed so to do. In some instances appellees are informed and believe, and so charge, that payments received on one indebtedness have been improperly, and without regard to the facts, applied on other indebtedness, when the receiver had no right so to do. Appellees, therefore, contend that an accounting is necessary to be rendered by the receiver to them, giving them credit on the proper account at the time its agents received the payments, and giving them credit for all payments at the proper time and on the proper account, in order that the court may determine the actual amount due on said deed of trust. The bill also alleges that appellees have applied to a federal agency, the H. O. L. C., for a loan on the portion of said property eligible for a loan, with which to pay off a part of said indebtedness, and that the receiver consented to take the bond of said agency, and that said loan is now pending and will be closed as soon as the requirements of the H. O. L. C. are met, and the bill makes other allegations of attempts to raise funds to be applied on said indebtedness, and invokes the provisions of chapter 247, Laws of 1934, and prays for an injunction only against the trustee. W. O. Rea, receiver,

was not made a party to the bill, nor did the bill allege that the chancery court of the district where the injunction was sought had charge of said receivership, nor did it allege that the consent of the chancery court having jurisdiction of the receivership had been obtained to bring the suit under the law.

The appellant, C. W. Sullivan, trustee, demurred to the bill on the grounds: (1) That it shows that it is a suit for an injunction against the trustee for the receiver of a corporation in liquidation, and that no consent of the court appointing said receiver is alleged or shown in said bill. (2) That the bill shows that the receiver, W. O. Rea, is a necessary party to said suit, for the reason that he, as receiver, is the holder of the note and deed of trust sought by this suit to be enjoined.

It is manifest from a statement of this case that the relief prayed for, and the grounds of the injunction, are not for failure of the trustee to perform all the necessary conditions of making the sale, but were for an accounting against the Building & Loan Association and the receiver, and for a moratorium as against said corporation or its receiver.

It is to be noted that there was no application shown to have been made to the chancery court of Hinds county, Mississippi, where the receivership was pending.

It is also manifest that the chancery court of Hinds county had full jurisdiction to administer the affairs of the Building & Loan Association of Jackson, Mississippi, and to control and direct the receiver in administering its affairs and in winding up its business, and under the direction of the court, the affairs of said receivership, so far as appears from the allegations of the bill, were being conducted in a regular manner.

It is also manifest that receivership affairs can only be successfully and expeditiously controlled by one court. If one court undertakes to command or direct certain

things to be done, and another court enjoins such action, there will result endless confusion. The general rule is that the court having jurisdiction of the receivership has full control of its affairs, and the consent of said court must be obtained before suit can be filed in another court. See Rea v. O'Bannon (Miss.), 158 So. 916, and Griffith's Chancery Practice secs. 477, 478. If a chancellor of one district can undertake to control the affairs of a receivership in his district separate from the district in which the receivership is being administered, the result will be much delay and confusion, and, possibly, protracted litigation.

We are of the opinion that the chancery court of Sunflower county had no jurisdiction to enjoin the proceedings and try the issues involved therein, without the consent of the chancery court of Hinds county where the receivership is being administered.

It must be presumed that the chancery court administering the receivership will give all the parties the justice to which they may be entitled, and if a moratorium was proper under the facts of this case, that court, we must assume, would as readily grant it as any other chancery court or chancellor. We do not think that the public interest would be served by permitting one chancery court to interfere with matters of another chancery court without its consent.

It is also manifest that the receiver is a necessary party to the litigation.

It is safer to apply to the court having charge of the receiver if a foreclosure is being improperly conducted, or if an injunction or restraining order should be necessary to protect the rights of the parties involved. If the chancellor of the district having jurisdiction of the receivership should refuse to issue a writ of injunction when proper, then a judge of this court might be applied to, under section 742 of the Code, and on a proper showing

he would issue the writ to be effective until the cause could properly be heard on its merits. The issuing of such writ would not be to pass on the merits of the case, but merely to preserve the situation or status quo, until the chancellor can hear the case on its merits, and is, in no sense, the exercising of original jurisdiction.

We think the views herein expressed will promote justice and effect a speedier and happier result in matters growing out of the receivership.

The demurrer should have been sustained by the court below, and the judgment is therefore reversed and the demurrer sustained, and the cause remanded with directions to dismiss the bill unless the consent of the chancery court of Hinds county should be obtained.

Reversed and remanded.