SULLIVAN *v.* CALVIN *et al.*

(Division B. May 20, 1935.)

[161 So. 677. No. 31741.]

**Sullivan & Sullivan**, of Hattiesburg, for appellant.

**J. M. Morse**, of Poplarville, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

J. B. Calvin and wife, appellees, filed a bill in the chancery court of Pearl River county, Mississippi, to en-

join C. W. Sullivan, trustee, from foreclosing a deed of trust in favor of the Building & Loan Association of Jackson, given by appellees.

The bill did not allege that the Building & Loan Association of Jackson was in receivership in the chancery court of Hinds county, and that W. O. Rea had been appointed receiver thereof. The bill drawn was for the purpose of securing an injunction for a moratorium hearing, and contained averments seeking to bring the cause within the provisions of chapter 247, Laws of 1934. The deed of trust was made an exhibit to the bill.

C. W. Sullivan, trustee, having been served with process, appeared and made a motion to dismiss the bill for want of jurisdiction in the chancery court of Pearl River county, alleging that said association, on the 24th day of August, 1935, was placed in receivership for liquidation by the chancery court of the first district of Hinds county, and that W. O. Rea of Hinds county was appointed as receiver, and that the title to all of the assets, including the note and deed of trust involved in the case at bar, were placed in the hands of said W. O. Rea, receiver, and that this fact was well known to the complainants when they filed their bill. A copy of the order appointing W. O. Rea as receiver was filed as an exhibit to the motion. It was further alleged that the defendants would show that the chancery court of the First judicial district of Hinds county, Mississippi, by V. J. Stricker, chancellor, entered an order on the minutes of said court authorizing W. O. Rea, as receiver, to proceed with the foreclosure of said deed of trust, and that said receiver is an officer or arm of the chancery court of Hinds county, and that the trustee named in said deed of trust is an agent of the receiver and of the chancery court of Hinds county, and, in attempting to foreclose said deed of trust, they were obeying the mandate of the chancery court of Hinds county and could not be enjoined or sued without complainants having first ob-

tained the permission or consent of the chancery court of Hinds county, which was not done. A copy of the order directing the receiver to foreclose said deed of trust is filed as an exhibit to this motion. It was further alleged that the chancery court of Hinds county, Mississippi, has exclusive jurisdiction of the subject-matter, and that to permit this cause to be maintained in the chancery court of Pearl River county will put those parties maintaining same in constructive contempt of the chancery court of Hinds county, Mississippi, and the defendants moved that the cause be dismissed for want of jurisdiction of the Pearl River county chancery court.

The above statement is made merely to show the difference between the case at bar and the case of C. W. Sullivan, Trustee, v. J. B. & Etta Hughes, No. 31706, recently decided by this court, 161 So. 316. The case at bar is governed by the same principles as the case of C. W. Sullivan, Trustee, v. J. B. & Etta Hughes, supra, and the judgment of the court below will, therefore, be reversed, and the cause dismissed.

Reversed and dismissed.