REA *et al. v.* TURNER *et al.*

(Division A. Oct. 21, 1935.)

[163 So. 539. No. 31838.]

14

**Sullivan & Sullivan**, of Hattiesburg, for appellants.

**Justin J. Cassidy**, of McComb, for appellees.

**Cook, J.,** delivered the opinion of the court.

On the 18th day of October, 1929, the appellees, Tullie L. Turner and Mattie M. Turner, borrowed from the Building & Loan Association of Jackson, Mississippi, the sum of two thousand five hundred dollars, and to secure the payment of the indebtedness, they executed a deed of trust on property situated in Pike county, Mississippi. Subsequently the Building & Loan Association of Jackson was, by the chancery court of Hinds county, placed in receivership for the purpose of liquidation, and W. O. Rea was appointed receiver. Thereafter, under the direction of the chancery court of Hinds county, the said W. O. Rea appointed the appellee C. W. Sullivan, as substituted trustee in the said deed of trust, and directed him to foreclose it and sell the property covered thereby to satisfy the balance of said indebtedness, which was

16

then past due; and, in pursuance of these directions, the substituted trustee advertised the said property for sale.

Thereafter, seeking to avail of the provisions of chapter 247, Laws 1934, known as the Moratorium Act, the appellees filed a bill in the chancery court of Pike county, against W. O. Rea, receiver of the Building & Loan Association of Jackson, and C. W. Sullivan, substituted trustee, praying for an injunction to stay the sale of said property. The bill alleged that, in addition to the balance due on the aforesaid first deed of trust, the appellees had executed a second deed of trust on the said land to secure an indebtedness to the beneficiary named therein, and also owed the sum of about eight hundred sixty dollars for taxes and special assessments on the said land, and that since, during the year 1934, the appellees were unable to make the fixed payments on said indebtedness as they fell due, and also make the necessary payments of taxes and special assessments, they applied to the Home Owners' Loan Corporation for a loan to pay off all the aforesaid indebtedness against said property. That the said Home Owners' Loan Corporation approved a loan on said property, but not for a sum sufficient for said purposes, unless the first mortgage indebtedness due to the said W. O. Rea, receiver, was voluntarily reduced by the cancellation of a part thereof, or by the acceptance of a second lien for a portion of said indebtedness, and that the said Building & Loan Association, or W. O. Rea, receiver, refused to accept these terms for refinancing the indebtedness. As an exhibit to the bill, there was filed a copy of the substituted trustee's notice of sale, which recited that the Building & Loan Association of Jackson was being liquidated under the directions of the chancery court of Hinds county, Mississippi, and that said court had entered an order directing the substitution of a trustee in said deed of trust, and the foreclosure thereof.

Upon the filing of the aforesaid bill of complaint, a

temporary injunction was issued and served, and thereafter the appellants, W. O. Rea, receiver, and C. W. Sullivan, substituted trustee, filed a motion to dissolve the injunction, accompanied by an answer to the bill, which included both a demurrer and a plea. The ground of the demurrer was that the bill showed on its face, and by the exhibit thereto, that W. O. Rea, receiver of the Building & Loan Association of Jackson, was appointed by the chancery court of the First judicial district of Hinds county, Mississippi, and did not allege that the permission or consent of the chancery court of said Hinds county to sue the said receiver had been obtained. The plea alleged that W. O. Rea was appointed receiver of said Building & Loan Association by the chancery court of the First judicial district of Hinds county, that no permission or consent of said court to sue or enjoin its receiver had been obtained, and that in attempting to foreclose said deed of trust, the said receiver was acting under and pursuant to an order of the chancery court of the First judicial district of Hinds county, authorizing and directing him so to do. As exhibits to the plea, there were filed certified copies of the decree of the chancery court of the First judicial district of Hinds county, placing the said Building & Loan Association in receivership and appointing W. O. Rea receiver thereof, and also a certified copy of the decree of said court directing the foreclosure of said deed of trust.

Upon the hearing of the motion to dissolve the temporary injunction, the court entered a decree overruling both the demurrer and plea of the appellants, and held that since chapter 247, Laws 1934, was an emergency law, permission of the court in which the receivership was pending was unnecessary to authorize the appellees to maintain the suit. The decree overruling the demurrer and plea recited that on the hearing of the plea, it was agreed by counsel for the respective parties that W. O. Rea was appointed receiver in the Building & Loan As-

sociation of Jackson by the chancery court of the First judicial district of Hinds county, Mississippi, for the purpose of liquidating said association; that the said chancery court of Hinds county had entered an order directing the receiver to appoint C. W. Sullivan as substituted trustee in the deed of trust executed by appellees in favor of said association, and had directed said receiver to proceed to foreclose said deed of trust, and that appellees neither sought nor obtained any leave or consent of the chancery court of the said First judicial district of Hinds county, to enjoin or sue its receiver or the said substituted trustee. From this decree, an appeal to settle the controlling principles of law was granted.

Since the rendition of the decree in this cause in the court below, we think the questions raised by this appeal have been settled by the cases of Sullivan v. Hughes, 172 Miss. 744, 161 So. 316, and Sullivan v. Calvin (Miss.), 161 So. 677. In the case of Rea, Receiver, v. O'Bannon, 171 Miss. 824, 158 So. 916, 919, which was a proceeding under chapter 247, Laws 1934, the questions here presented were stated, but not decided. The court there said: "The weight of authority in this country is that a receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without leave of the court which appointed him. There is a conflict of authority as to whether the failure to obtain permission to sue a receiver is jurisdictional or defensive. Those courts which hold it jurisdictional necessarily hold that it is indispensable to so allege; other courts hold that demurrer will not lie, and that the omission is a matter defensive."

In the case of Sullivan v. Hughes, supra, by a bill filed in the chancery court of Sunflower county, under the provisions of said chapter 247, Laws 1934, it was sought to enjoin the foreclosure of a deed of trust in favor of the Building & Loan Association of Jackson which was then

in the hands of a receiver appointed by and under the direction of the chancery court of Hinds county, and it was held that since it was not shown that the consent of the chancery court of Hinds county had been obtained, the chancery court of Sunflower county had no jurisdiction to enjoin the proceedings and try the issues involved, and that, consequently, the demurrer based upon that ground should have been sustained. In the later case of Sullivan v. Calvin, supra, wherein the question of lack of consent of the chancery court in which the receivership was pending was raised by a motion to dismiss the bill for want of jurisdiction in the chancery court in which the cause was filed, it was held that the principles announced in Sullivan v. Hughes, supra, were controlling, and that the bill should have been dismissed.

Each of the three above-mentioned cases were brought under the provisions of the Moratorium Act, chapter 247, Laws 1934, and a careful reading of that act fails to disclose any provisions that would alter, change, or suspend the general equity rule that the consent of the chancery court in which a receivership is being administered is necessary to authorize a suit against the receiver in another court.

In the case at bar the lack of consent of the chancery court of the First judicial district of Hinds county to sue its receiver was properly raised by both the demurrer and the plea, and they should have been sustained.

The decree of the court below is therefore reversed, and the cause remanded, with directions to dismiss the bill unless the consent of the chancery court of Hinds county should be obtained.

Reversed and remanded.