REA *et al. v.* STINSON *et al.*

(Division B. Dec. 9, 1935.)

[164 So. 588. No. 31973.]

**Sullivan & Sullivan,** of Hattiesburg, for appellants.

Lamar Watson, of Greenville, for appellees.

342

**Ethridge, P. J.**, delivered the opinion of the court.

On September 18, 1930, Mrs. Stinson and others, appellees here, borrowed five hundred dollars from the Building & Loan Association of Jackson, Mississippi, and gave their promissory note therefor payable in installments, and secured the payment thereof by a deed of trust of even date on certain property located in Arcola, Mississippi. Thereafter the Jackson Building & Loan Association was placed in receivership by the chancery court of the First district of Hinds county, Mississippi, and its affairs are being administered and controlled by said court. On April 22, 1935, the appellees filed a bill of complaint in the chancery court of Washington county, seeking an injunction against the foreclosure proceedings begun by the trustee under the direction of the receiver. The bill was filed under the Moratorium Act, chapter 247, Laws of 1934, and, after setting out the facts as stated above, it was alleged that the complainants had paid each and every monthly installment up to June 5, 1933, when they were unable to do so, not having any work to do, and that there was a balance due of two hundred seventy-six dollars and twenty-seven cents. It was further alleged that the property, at present, is worth two thousand dollars, and that the owners had made every effort to refinance the indebtedness through various agencies, and finally through the Home Owners Loan Corporation, and said property had been appraised, but on account of certain repairs the loan had been held up and it is still pending, and if given sufficient time, complainants, appellees here, will be able to refinance same. The prayer for the injunction was granted without bond. The appellants demurred to the bill, which

demurrer was overruled by the chancellor, and an appeal was granted to settle the principles of the law.

In our opinion, the principles of the law have already been settled in several decisions by this court prior to the overruling of the demurrer. On January 21, 1935, Division A of this court, speaking through Judge McGowen, held that a receiver appointed by judicial authority in the absence of statute cannot be sued without leave of the court which appointed him. Rea v. O'Bannon, 171 Miss. 824, 158 So. 916.

On May 6, 1935, Division B of this court had this question before it, and speaking through the writer, held that a chancery court of another district than the one in which the receivership is pending has no power to enjoin a suit to foreclose a deed of trust by a receiver without the consent of the court appointing the receiver. Sullivan v. Hughes et al., 172 Miss. 744, 161 So. 316.

On May 20, 1935, the matter was again before this court in the case of Sullivan v. Calvin, 161 So. 677, and the court held that where an association holding a deed of trust was placed in receivership, and the chancery court which appointed the receiver authorized the trustee to foreclose, the chancery court of another county could not maintain an injunction for moratorium hearing without obtaining consent of court which appointed the receiver.

In the recent case of W. O. Rea et al. v. Tullie L. Turner et al. (Miss.), 163 So. 539, Division A, speaking through Judge Cook, followed the holding in the above cases, and held that the Moratorium Act, chapter 247, Laws of 1934, contains no provision authorizing a receiver to be sued in another court without the consent of the chancery court in which the receivership is being administered. Every provision of the Moratorium Act was before the court in the decision of these suits, and it was held therein that the Moratorium Act does not dispense with the necessity of obtaining the consent of the chancery court in which the receivership is being administered.

It is urged that the Moratorium Act suspends the state law in conflict therewith until May 1, 1936. As stated, we have held that the law was not suspended as to receiverships so as to permit suits in other courts.

One purpose of having a Supreme Court to review the decisions of other courts of original jurisdiction is to have a uniform construction of statutes and uniform operation of law throughout the state. This court, in reviewing the decisions of inferior courts, knows that there are differences of legal opinion among the members of the bench and bar of the state, and makes an effort to give consideration to the same, and to weigh the operation of every rule that may be announced.

It is the duty of the circuit judges, the chancellors, and the justices of the peace, to follow the decisions we have announced, whether they be in agreement therewith or not. Any errors this court may make in interpreting a statute can be corrected by the legislative department. 'It is far better that there be certainty in the rules, than that there be diversity of opinions.

The judgment of the court below will be reversed, the demurrer will be sustained, and the bill dismissed.

Reversed and dismissed.