# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01101-COA

**STANLEY DEVINE AND ROGER BEARDAIN**  **APPELLANTS**

**v.**

**CARDINAL HEALTH 110, LLC**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2020 |
| TRIAL JUDGE: | HON. GEORGE M. MITCHELL JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | A. E. (RUSTY) HARLOW JR. |
| | ROGER ADAM KIRK |
| | KATHI CRESTMAN WILSON |
| | MORGAN KAY JACKSON |
| ATTORNEY FOR APPELLEE: | JONATHAN S. MASTERS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 04/12/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. On July 31, 2007, Stanley Devine (Devine) and Roger Beardain (Beardain), on behalf of PharmNet Inc. (PharmNet), entered into a contract with Cardinal Health 110 LLC (Cardinal Health) for the purchase of products and medicines to sell to the public. Devine and Beardain owned PharmNet. Cardinal Health alleges that the contract included a guaranty signed by Devine and Beardain, agreeing to be personally liable for any debts PharmNet owed to Cardinal Health. On October 20, 2017, PharmNet filed for bankruptcy. Cardinal Health requested that Devine and Beardain pay the debt owed by PharmNet, as required by

the guaranty they had signed. Devine and Beardain refused. On January 29, 2018, Cardinal Health filed suit for breach of contract in the Circuit Court of Montgomery County. On September 6, 2018, Cardinal Health filed a motion for summary judgment. A hearing was held on August 28, 2020, to determine if summary judgment should be granted. The trial court granted Cardinal Health's motion for summary judgment, finding the guaranty bound Devine and Beardain to pay the PharmNet debt. Devine and Beardain appealed the trial court's decision, arguing that there were genuine issues of material fact that should have been left for a jury to decide. Upon review of the record, we affirm the trial court's grant of summary judgment for Cardinal Health.

**FACTS**

¶2.     Cardinal Health and PharmNet entered into a contract on July 31, 2007. Devine was the president of PharmNet, and Beardain was the vice president. On July 31, 2007, Devine sent Cardinal Health a credit application that both he and Beardain signed on behalf of PharmNet, which would allow PharmNet to purchase and receive products from Cardinal Health and sell in their local store.[1] Cardinal Health alleged that the credit application included the guaranty, which provided that Devine and Beardain would be personally liable for the debts of PharmNet in relation to purchases PharmNet made from Cardinal Health if PharmNet could no longer make payments. Cardinal Health accepted the application and began a contractual partnership with PharmNet. On October 20, 2017, PharmNet filed for

---

[1] In its complaint, Cardinal Health mistakenly stated this credit application was sent on July 31, 2017. Cardinal Health argues this is a scrivener's error that does not prejudice the parties.

2

Chapter 7 bankruptcy. Upon this filing, Cardinal Health "made a demand to Devine and Beardain for the debt owed . . . ." Devine and Beardain refused to pay. Cardinal Health filed its complaint in the Montgomery County Circuit Court against Devine and Beardain for breach of contract and alleged they owed Cardinal Health $259,490.68.

¶3.     In paragraph nine of its complaint, Cardinal Health alleged that Devine's and Beardain's refusal to pay PharmNet's debts breached the guaranty between the parties. Cardinal Health attached a copy of the contract, including the guaranty, to the complaint as Exhibit A. However, Exhibit A was almost entirely illegible. In their answers, Devine and Beardain denied Cardinal Health's claims about the Guaranty in paragraph nine.

¶4.     On September 6, 2018, Cardinal Health filed a motion for summary judgment. In the motion, Cardinal Health stated, "The only issue before this Court is whether Defendants are personal[ly] liable to Cardinal Health under the Guaranty. Both Defendants signed the Guaranty. . . . Defendants now owe to Cardinal Health the Outstanding Balance incurred by PharmNet." Cardinal Health attached the executed agreement as Exhibit E.[2] In a footnote, Cardinal Health acknowledged that the "executed Credit Application is difficult to read," so it attached Exhibit F. Exhibit F was "an unexecuted version of Cardinal Health's standard Credit Application, which contains the same terms" as the executed contract between Cardinal Health and PharmNet. Exhibit F is legible. Cardinal Health also included the exact language of the guaranty from Exhibits E and F in its motion for summary judgment. Additionally, Cardinal Health admitted there was an error concerning the date the contract

---

[2] Exhibit E that was attached to Cardinal Health's motion for summary judgment is the same illegible agreement that was attached as Exhibit A to the complaint.

3

was executed in its original complaint and alleged that the error was a "minor scrivener's error."

¶5.    To further support its motion for summary judgment, Cardinal Health attached as "Exhibit D to its motion for summary judgment" the affidavit of Phelton Woods (Woods), a credit manager for Cardinal Health. In his sworn affidavit, Woods stated he had personal knowledge that "[a] true and accurate copy of the Credit Application **[was] attached to the Complaint as Exhibit A**." (Emphasis added). Woods stated he had personal knowledge that Devine and Beardain "executed and delivered to Cardinal Health a written Guaranty." Woods also stated he had personal knowledge that "[p]ursuant to the Guaranty, Defendants irrevocably and unconditionally guaranteed the prompt and full payment and performance of all obligations of PharmNet to Cardinal Health as defined in the Credit Application . . . ."

¶6.    Devine filed a response to Cardinal Health's motion for summary judgment on September 17, 2018. Devine argued that Cardinal Health had committed fraud by making "numerous misrepresentations to [him] and PharmNet regarding working with him on developing projects, and with regard to working on underwater claims. . . ." Devine also stated that he and PharmNet "would not have entered into the contract attached to [the] Complaint or remained in same for the period of time that they did but for the fraudulent conduct of Cardinal Health." Devine attached his own affidavit to his response. In his affidavit, Devine alleged various misrepresentations made by Cardinal Health. Devine also stated, "**I signed the wholesale contract** with Cardinal Health in my capacity as President of Pharmnet, Inc." (Emphasis added). Devine did not make any argument about the validity

4

of the guaranty.

¶7.    Beardain also filed a separate response to Cardinal Health's motion for summary judgment on October 12, 2018.  In his response, Beardain argued that the motion for summary judgment should be denied because "the Plaintiff has failed to establish the 'existence' of a valid and binding contract dated July 31, 2017, as alleged in the complaint."[3] Beardain argued that Cardinal Health's mistake in dates was not a scrivener's error.  Instead, Beardain claimed that there were "genuine issues of material fact in dispute.  Specifically, the credit application upon which [Cardinal Health] bases its claim for breach of guaranty/contract has not been produced, and therefore, cannot substantiate the claims of the Complaint."  Additionally, Beardain argued that "even if the document attached to the complaint is the proper [contract], it is largely illegible and should be tendered to a jury to determine whether it says what [Cardinal Health] alleges."  Beardain did not attach any affidavits to his response.

¶8.    On August 28, 2020, a hearing was held to determine whether summary judgment should be granted.  Cardinal Health argued that there was a valid contract, signed by Devine and Beardain, so they should be required to adhere to the contract's provisions.  Cardinal Health also argued that the date of July 31, 2017, instead of July 31, 2007, was a "minor scrivener's error" that did not prejudice the parties because it was clear what contract was at issue.  Cardinal Health agreed that the original contract attached to the complaint as

---

[3] Cardinal Health argues its error in stating July 31, **2017**, instead of the correct date of July 31, **2007**, is a scrivener's error.  Additionally, the contract attached to Cardinal Health's original complaint is clearly dated July 31, 2007.

5

Exhibit A was "hard to read," but the copy attached to the complaint was the only copy Cardinal Health was able to obtain. Cardinal Health also noted that PharmNet, Devine, and Beardain had been operating under this contract for ten years. Cardinal Health argued that neither the contract between the parties nor Mississippi law imposed a duty upon Cardinal Health to retrieve collateral from PharmNet first before pursuing Devine and Beardain. Cardinal Health claimed to have made a request for collateral from PharmNet when it filed for bankruptcy, but Cardinal Health never received any payment.

¶9. At the summary judgment hearing, Beardain argued that Cardinal Health's motion for summary judgment should be dismissed because the complaint referenced a contract dated 2017, instead of the actual contract from July 31, 2007. Beardain argued that "[it's] not a scrivener's error for Cardinal Health to put the incorrect date on its complaint." Therefore, Beardain contended summary judgment should not be granted.

¶10. Beardain also argued that the contract Cardinal Health attached to its complaint was "mostly illegible." Beardain stated that the supplement Cardinal Health attached as Exhibit F to its motion for summary judgment does not clarify what the language of the contract between PharmNet and Cardinal Health said. Therefore, he maintained, there is a genuine issue of material fact as to the language of the contract at issue that should go to a jury.[4]

¶11. Devine argued at the hearing for summary judgment that Cardinal Health had a "duty to collect [its] collateral" from PharmNet before it pursued him or Beardain. Devine stated that Cardinal Health's failure to adhere to its duty to collect collateral created a "jury

---

[4] It is important to note that this argument was made by Counsel and there is no sworn testimony asserting facts to support the argument.

question."

¶12.  The trial court ultimately granted summary judgment.  The judge noted that Mississippi is a notice-pleading state, so the need for a perfect complaint does not exist.  The judge also stated that the amount requested in the complaint was the same amount requested at the hearing, the parties in the complaint were the same parties before him, and the contract at issue was dated correctly and attached to the complaint.  In its order granting summary judgment, the trial court found:

> On or about July 31, 2007, Devine and Beardain signed and agreed to personally guarantee a Credit Application [contract] to Cardinal Health on behalf of their now defunct Mississippi company, PharmNet.  The [contract] sets forth Cardinal Health's agreement to accept and fill PharmNet's pharmaceutical orders on credit in exchange for an agreement to pay Cardinal Health for such orders.  Pursuant to the terms of the [contract], Devine and Beardain personally guaranteed and jointly and severely assumed all of the obligations and responsibilities for all debts that PharmNet incurred in connection with PharmNet's purchases from Cardinal Health, including collection costs, interest, attorneys' fees and court costs.

Devine and Beardain appealed from the trial court's order granting summary judgment.

¶13.  Devine argues that the trial court erred in granting summary judgment because there were genuine issues of material fact about whether Cardinal Health failed to mitigate the damages by not pursuing PharmNet, and whether Cardinal Health made misrepresentations to convince PharmNet to enter into a contract.  Beardain argues that the trial court erred in granting summary judgment because there were genuine issues of material fact about a contract from July 31, 2017, the erroneous date in the complaint, which was never produced.[5]

---

[5] Again, this argument stems from the erroneous date in the complaint which listed the contract as being executed on July 31, **2017**, but has now been shown to be a scrivener's error.  The original contract clearly stated the date as July 31, **2007**.

Devine and Beardain also argue that Cardinal Health's failure to mitigate damages by not exhausting its remedy options with PharmNet should prevent summary judgment. Finding no error, we affirm.

## STANDARD OF REVIEW

¶14. This Court reviews a trial court's grant of summary judgment de novo. *Bonner v. Imperial Palace of Miss. LLC*, 117 So. 3d 678, 682 (¶11) (Miss. Ct. App. 2013). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). This Court has stated, "[S]ummary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Robinson v. Robinson Prop. Grp. Corp.*, 274 So. 3d 952, 957-68 (¶16) (Miss. Ct. App. 2019) (quoting *Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 89 (¶¶10-11) (Miss. 2013)). The evidence is considered in a light most favorable to the non-moving party. *Sweet v. TCI MS Inc.*, 47 So. 3d 89, 91 (¶9) (Miss. 2010).

## ANALYSIS

1. **The trial court did not err in granting summary judgment for Cardinal Health because there were no genuine issues of material fact.**

¶15. The question for this Court is whether there are genuine issues of material facts concerning whether Devine and Beardain are legally liable under the guaranty. After

reviewing the record, we find no genuine issue of material fact. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." M.R.C.P. 56(e).

¶16. While the contract between Cardinal Health, PharmNet, Devine, and Beardain was illegible, Woods' affidavit attached to Cardinal Health's motion for summary judgment resolved any issues of material fact. In Woods' affidavit, he stated that he had personal knowledge that "[a] true and accurate copy of the Credit Application [was] attached to the Complaint as Exhibit A." Woods stated that he had personal knowledge that Beardain and Devine signed a guaranty, which was "included at the end of the Credit Application, attached to the Complaint as Exhibit A." Woods also stated, "Pursuant to the Guaranty, Defendants irrevocably and unconditionally guaranteed the prompt and full payment and performance of all obligations of PharmNet and Cardinal Health as defined in the Credit Application, whether then existing or thereafter arising."

¶17. In their responses to Cardinal Health's motion for summary judgment, neither Devine nor Beardain made any arguments relating to the guaranty. They also failed to attach affidavits contradicting the assertions set forth in Woods' affidavit. Devine admitted in an affidavit attached to his response for summary judgment that he "signed the wholesale contract with Cardinal Health in [his] capacity as President of Pharmnet, Inc." Beardain did

9

not admit or deny that he signed the contract, and he did not provide any sworn testimony or affidavits negating what Woods claimed in his affidavit. Because Devine and Beardain did not respond with their own affidavit or sworn testimony disputing Woods' claims in his affidavit, there was no genuine issue of material fact as to whether the guaranty was signed as stated by sworn proof provided by Cardinal Health's employee, Woods.

¶18. This Court and the Mississippi Supreme Court have held that "[i]ssues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Beasley v. Sutton*, 192 So. 3d 325, 334 (¶31) (Miss. Ct. App. 2015) (quoting *Williams v. Toliver*, 759 So. 2d 1195, 1198 (¶10) (Miss. 2000)); *see also K.R. Borries v. Grand Casino of Miss. Inc. Biloxi*, 187 So. 3d 1042, 1046 (¶8) (Miss. 2016) (quoting *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (Miss. 2001)); *Lancaster v. Miller*, 319 So. 3d 1174, 1181 (¶30) (Miss. Ct. App. 2021) (finding that a motion for summary judgment should be denied when both parties swear to opposite versions). Here, Devine and Beardain did not refute Woods' affidavit through affidavits of their own. One party did not "swear to one version" while the other parties swore to the "opposite." *See Beasley*, 192 So. 3d at 334 (¶31). Beardain attached no affidavits. Devine's affidavit alleged fraud and a failure of Cardinal Health to mitigate their damages. There was no genuine issue of material fact as to the guaranty because Devine and Beardain failed to refute the sworn allegations set forth in the affidavit attached to Cardinal Health's motion for summary judgment.

**2.    Cardinal Health had no duty to mitigate before demanding Devine and Beardain pay it the money owed by PharmNet.**

10

¶19.     Devine and Beardain argue that Cardinal Health had a duty to mitigate damages by attempting to collect money from PharmNet before it pursued legal action against them to obtain the money owed. However, Mississippi Code Annotated section 75-9-601(a)(1)(Rev. 2016) states that a secured party "may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure" if a party has defaulted.

¶20.     This Court and the Mississippi Supreme Court have held that a secured creditor does not have to mitigate damages by re-taking collateral to satisfy a debt it is owed before trying to obtain the money owed through judicial proceedings. *See Rea v. O'Bannon*, 171 Miss. 824, 158 So. 916, 918 (1935) (A secured creditor "could pursue the foreclosure to conclusion, or, if he deemed it advantageous to himself, he could forego the foreclosure and proceed at law to collect his debt in the law forum . . . . There is no inconsistency between the legal and equitable remedial rights possessed by a mortgage . . . , and he may exercise them all at the same time, and resort to one is not a waiver the other."); *W. Point Corp. v. New N. Miss. Fed. Sav. & Loan Ass'n*, 506 So. 2d 241, 242-43 (Miss. 1986) (finding North Mississippi Savings and Loan Association "had the unconditional right to choose its forum for suit and to institute suit on the note alone for its collection, without resort to the deed of trust or foreclosure thereon"); *Fleisher v. S. AgCredit, FLCA*, 108 So. 3d 948, 954 (¶24) (Miss. Ct. App. 2012) (stating that "Southern AgCredit need not foreclose on the property before seeking a monetary judgment").

¶21.     Cardinal Health was the secured creditor of PharmNet after the July 31, 2007 contract

had been executed. Woods' sworn affidavit stated that Devine and Beardain signed the contract, including the guaranty, which would make them personally liable if PharmNet failed to pay. Therefore, Cardinal Health could "reduce [its] claim to judgment, foreclose, or otherwise enforce the claim . . . by any available judicial procedure." Miss. Code Ann. § 75-9-601(a)(1). Cardinal Health had no duty to mitigate damages, so it could pursue a suit against Devine and Beardain without first attempting to re-take collateral from PharmNet. *See Rea*, 171 Miss. 824, 158 So. at 918; *W. Point Corp.*, 506 So. 2d at 243; *Fleisher*, 108 So. 3d at 954 (¶24). Therefore, there is no genuine issue of material fact as to whether Cardinal Health had a duty to mitigate before seeking payment from Beardain and Devine as allowed in the guaranty.

### 3. Devine waived the affirmative defense of fraud by failing to raise it in his answer.

¶22. Devine argues that the trial court erred in granting Cardinal Health's motion for summary judgment because there were genuine issues of material fact about whether Cardinal Health made misrepresentations to Devine to encourage him to enter into a "distributorship agreement" with Cardinal Health on behalf of PharmNet. However, Devine never raised an allegation of fraud in his answer as an affirmative defense or as a counterclaim. Mississippi Rule of Civil Procedure 8 states that "[i]n pleading to a preceding pleading, a party **shall** set forth affirmatively . . . fraud . . . or [other] affirmative defenses." M.R.C.P. 8(c) (emphasis added). A party's failure to raise an affirmative defense in his or her answer constitutes a waiver of that defense. *See Woodard v. Miller*, 326 So. 3d 439, 449-50 (¶41) (Miss. 2021) ("A defendant's failure to timely and reasonably raise and pursue the

12

enforcement of any **affirmative defense** or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.") (quoting *MS Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006)); *Hutzel v. City of Jackson*, 33 So. 3d 1116, 1119 (¶12) (Miss. 2010) (stating that the Supreme Court interprets Rule 8(c) to mean "if a party fails to raise an affirmative defense in its original answer, the defense will be deemed waived"). Devine's failure to raise the affirmative defense of fraud in his original answer constituted a waiver of that defense.

¶23. Additionally, when Devine did raise this issue of fraud in his response to Cardinal Health's motion for summary judgment, he did not plead it with particularity. Instead, he made general allegations. Mississippi Rule of Civil Procedure 9(b) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." M.R.C. P. 9(b). To plead a fraud claim with particularity, Devine needed to show "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Soni v. Dhaliwal*, 203 So. 3d 628, 637 (¶45) (Miss. Ct. App. 2016) (quoting *State v. Bayer Corp.*, 32 So. 3d 496, 501 (¶18) (Miss. 2010)). Additionally, the "circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be

13

stated." *Bryan v. Dent*, 270 So. 3d 976, 979 (¶15) (Miss. Ct. App. 2018) (quoting *Howard v. Harper*, 947 So. 2d 854, 861 (¶20) (Miss. 2006)). In Devine's response to Cardinal Health's motion for summary judgment, Devine argued his case was similar to *Mark Allen v. Mac Tools. Inc., et al.*, 671 So. 2d 636 (Miss. 1996), and provided a case summary. Devine stated that Cardinal Health made "additional representations that caused him not to immediately repudiate the contract upon discovery of the fraudulent representations." Devine also stated that Cardinal Health "was doing nothing about the underwater claims and not actually helping PharmNet develop new products." Devine claimed that the misrepresentations made him remain in a contract with Cardinal Health. However, the exact, alleged misrepresentations made by Cardinal Health were never stated with particularity. Be that as it may, the allegations set forth by Devine did not create a genuine issue of material fact that the guaranty at issue in this case was signed by him and should be enforced. Further, the credit application and guaranty at issue were signed in 2007, and it appears the fraud alleged by Devine did not begin until the parties were engaged in the course of business as a result of that contract. This issue is without merit.

**CONCLUSION**

¶24. Upon review of the record, this Court finds that the trial court did not err in granting summary judgment because there were no genuine issues of material fact as to whether the guaranty was signed, legally effective, and binding upon Devine and Beardain for the debts owed by PharmNet. Further, whether Cardinal Health had a duty to mitigate damages is clear under Mississippi Code Annotated section 75-9-601(a)(1), which does not impose such a

14

duty in the commercial contract for which that section applies. Finally, Beardain waived the affirmative defense of fraud by failing to raise it in his answer. Further, there were no genuine issues of material fact relating to the fraud alleged by Devine, which would legally negate the credit application and guaranty signed by the parties.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**