BIRCHETT *v.* ANDERSON *et al.*

(Division B.   March 23, 1931.   Suggestion of Error Overruled May 12, 1931.)

[133 So. 129.   No. 29278.]

Canizaro & Canizaro, of Vicksburg, for appellant.

**Hirsh, Dent & Landau,** of Vicksburg, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed his bill in the chancery court of Warren county against appellees, Mrs. Bertha C. Anderson and J. H. Short, to have established the true line between appellant's residence lot, and that of appellee, Mrs. Anderson, situated in the city of Vicksburg; and to recover

damages for an alleged encroachment by appellee Mrs. Anderson upon appellant's lot.

Appellees answered the bill, making the answer a crossbill, praying for the reformation of the deed of appellee Mrs. Anderson to her lot, so as to make it conform to the intention of the parties. Appellant answered the crossbill, and the cause was tried on the pleadings and proofs, resulting in a final decree in favor of appellees; from that decree appellant prosecutes this appeal.

Drummond street, in the city of Vicksburg runs north and south. Appellee Short owned a lot on the west side of the street, with a frontage thereon of seventy-three feet, by one hundred and fifty feet deep; putting it differently, the lot faced east on Drummond street seventy-three feet, and ran back west one hundred and fifty feet. Appellee Short employed a contractor to build two residences on this lot, duplicates of each other, one to be built on the north half of the lot, the other on the south half, both facing east on Drummond street. He instructed the contractor to divide the lot into two lots of equal frontage and depth, by an east and west line; and to leave a ten-foot driveway between the residences for the common use of the owners. The center line of this ten-foot driveway was to be the dividing line between the two lots. If the lots had been so divided, each would have had a frontage of thirty-six and a half feet, by one hundred and fifty feet deep. The houses to be built were of such dimensions as that each covered practically all the lot on which it stood, except what was supposed to be its five-foot contribution to the common driveway.

In constructing the two residences the contractor placed the south wall of the residence on the north lot three and a half feet over its five-foot contribution to the common driveway, the result being that, instead of each lot contributing five feet to the common driveway, as was intended, the north lot contributed only one and

a half feet, and the south lot eight and a half. In other words, appellant was contributing to the common driveway three and a half feet more than he was due to contribute, if the intention of appellee Short had been carried out by the contractor.

This condition was not known until something like two years or more after the two residences had been completed. Short first sold the north lot and residence to the appellee Mrs. Anderson by warranty deed, describing the lot as fronting east on Drummond street thirty-six and a half feet, by one hundred and fifty feet deep east and west. In the deed he reserved a five-foot strip on the south side of her lot as her contribution to the common driveway, and granted to her for that purpose an easement over a five-foot strip on the north side of the south lot.

Later appellee Short sold and conveyed by warranty deed the south lot and residence to appellant, describing it as fronting east on Drummond street thirty-six and a half feet by one hundred and fifty feet deep east and west. In the deed to appellant there was conveyed a five-foot easement for a driveway on the south side of the north lot, and reserved for the benefit of the owner of the north lot a five-foot easement for the same purpose on the north side of appellant's lot.

Appellant and appellee Mrs. Anderson went on for something like two years supposing that the original lot of seventy-three foot frontage had been equally divided into two lots of thirty-six and a half foot frontage each, and that the center of the driveway between the two residences was the true line between the two lots. As long as they treated the center of the driveway as the line everything was well between them; but appellant for some reason employed a civil engineer, who found, from a correct survey, that appellee Mrs. Anderson was contributing only one and a half feet to the common drive-

way, while he was contributing eight and a half feet. This suit resulted.

The evidence was sufficient to show, and the court found as a fact, that before purchasing their lots both appellant and appellee Mrs Anderson went upon the premises with appellee Short, and viewed the respective lots, having pointed out to each of them as the dividing east and west line between the two lots the center of the driveway. In other words, the evidence tended to show, and the court found—as it was justified in doing—that both of them distinctly understood that they were purchasing up to the center of the driveway, and no more. It is true, as contended by appellant, that in the execution of each of the deeds there was no mistake either of the parties or of the scrivener as to the exact description of the property intended to be used in the deeds. Each vendee thought he was getting a frontage of thirty-six and a half feet by one hundred and fifty feet deep. Nevertheless the court found from the evidence that the paramount and controlling consideration in the minds of the parties as to the dividing line was that the center of the driveway should be the east and west line between the lots. The evidence showed that, on account of a deep declivity on the north side of the lot of appellee, Mrs. Anderson, to move her residence back north three and a half feet would cost from six to eight hundred dollars. We think that fact is a strong circumstance tending to show that the center line of the driveway was to be the east and west line between the lots. If appellee Short was acting in good faith in pointing out to the purchasers of the lots the east and west line (and the contrary not appearing, good faith will be presumed), certainly he would not have fixed the center of the driveway as the line if he had known that the south wall of the residence on the north lot encroached on the common driveway three and a half feet, and that it would cost from six to

eight hundred dollars to move the residence three and a half feet back north.

Appellant's argument means, in its last analysis, that there can be no reformation of a deed where the parties have written into the deed the exact description of the property conveyed which they had intended it should contain. We think the case of Brimm v. McGee, 119 Miss. 52, 80 So. 379, and Miles v. Miles, 84 Miss. 624, 37 So. 112, 115, determined this question against appellant's contention. It was held in those cases that it was not the description of the land that the parties intended to write into the deed, but what land the parties intended to embrace in the description they used. It was said in Miles v. Miles: "To hold that a court of equity could not . . . correct mistakes for the reason alone that the parties used the terms they actually intended to use would be to curtail its powers to a hitherto unheard of extent. Most mistakes of fact in conveyancing, except those caused by clerical misprision, arise in cases when descriptive terms are intentionally employed under the mistaken impression that they apply to the property sought to be conveyed." The Brimm Case is strong in point here, both on its facts, and the principles therein declared.

Appellant relies, to sustain his position, on Alexander v. Meek, 132 Miss. 298, 96 So. 101, and other decisions along the same line. We do not think that case is in point. In short, the court held in that case that, where the agent of the vendor of land made representations of fact as to a certain boundary line, and the vendee relied upon the representations, which representations constituted one of the inducing causes of the consummation of the sale of the land, and representations were false in a material respect, the falsity of which was not discoverable by an inspection of the land, and as the purchaser was actually misled by such representations, he was entitled to a rescission and cancellation of the conveyance of the land.

There was involved in that case the cancellation of a deed to something like two hundred and forty acres of land.

In the present case we have no uncertainty, under the evidence, which the court believed, as to what the vendor pointed out to the purchasers of these two lots as the east and west line between them. Both purchasers were there, and saw the driveway, and were informed that the center of the driveway was the line. Each of the lots was sold and purchased on the faith of that being a fact.

Affirmed.