208 So.2d 784 (1968)
Mrs. Lillie F. O'BRIANT, Individually, and as Administratrix of the Estate of Willis E. Fowler, Deceased,
v.
J.M. HULL, Lucille McRae, Maryland Casualty Company, United States Fidelity and Guaranty Company, Robert Barksdale Company, Inc., and F.W. Williams State Agency.
No. 44815.
Supreme Court of Mississippi.
March 25, 1968.
Rehearing Denied April 22, 1968.
*785 Tighe & Tighe, Jackson, for appellant.
L.P. Spinks, Jr., DeKalb, John H. Stennis, Jackson, for appellee.
PATTERSON, Justice:
This is an appeal by Mrs. Lillie F. O'Briant, individually and as administratrix of the estate of her deceased son, from an adverse decree of the Chancery Court of Kemper County. Mrs. O'Briant sought to recover in that court the sum of $5,000 from the former guardians of her son, a non compos mentis. The bill of complaint charged a breach of duty by the guardians in failing to have the beneficiary changed in a National Service Life Insurance policy of the son. The complainant alleged that subsequent to a divorce being granted between the beneficiary and her son, it became the guardians' duty to have the name of the beneficiary in the policy, that of the former wife, changed to either that of the complainant or to her son's estate.
In response to the bill of complaint the defendants pled, among other things, the affirmative defenses of election of remedies, accord and satisfaction, and estoppel. Each of these defenses was predicated upon a stipulation entered into by Mrs. O'Briant, individually and as the administratrix of her son's estate, wherein she compromised and settled a suit for the sum of $5,000 which she had brought as the designated beneficiary under the same National Service Life Insurance policy. The circumstances regarding that suit and settlement are hereafter related.
In January 1965 Mrs. Lillie F. O'Briant, individually and as administratrix of the estate of her deceased son, brought an action on a National Service Life Insurance policy in the United States District Court of the Northern District of Mississippi against the United States of America and Mrs. Eddie Fowler Keene, the former wife of Willis E. Fowler. In this action she alleged that she had been designated the beneficiary in the policy by a letter from her son subsequent to a divorce obtained by Mrs. Keene from the insured. She alleged that this designation of beneficiary was effective and that she was entitled to the proceeds of the $10,000 policy upon her son's death. In this suit a stipulation was entered into by Mrs. O'Briant, individually and as administratrix, whereby she was to receive $5,000 in her individual capacity in settlement of her claim. Mrs. Eddie Fowler Keene, the former wife and one of the defendants, participated in the stipulation, and the United States of America, the other defendant, concurred therein, and in conformance with the stipulation a judgment was entered in the federal court on August 5, 1965, whereby Mrs. Lillie F. O'Briant, individually, recovered the sum of $5,000 "in accordance with the terms and conditions of the insurance contract." Mrs. Keene received a like sum as the result of the compromise and settlement.
Thereafter, this suit was brought in the Chancery Court of Kemper County where, after a full hearing, the court held that the appellant had elected a cause of action which she had pursued in the federal court and that she was precluded thereby from recovery in this suit as it was inconsistent with the first. For this and other reasons not necessary to this opinion the bill of complaint was dismissed.
The appellant assigns as error the action of the lower court in holding that the doctrine of election of remedies applies in this case as a defense and as a bar to the cause of action of the appellant.
The basis of the federal suit was that Mrs. O'Briant was the designated beneficiary of the National Service Life Insurance policy. The basis of the present suit is the alleged negligent omission of the son's guardians to have the complainant or his estate designated the beneficiary in the same policy.
The remedies are inconsistent, which brings into consideration the more serious question of whether the complainant *786 made an irrevocable election which would preclude her from pursuing the present suit. In Anaconda Aluminum Company v. Sharp, 243 Miss. 9, 18, 136 So.2d 585, 588, 99 A.L.R. 2d 1307 (1962), the doctrine of election of remedies was defined as "the choosing between two or more different and co-existing modes of procedure and relief allowed by law on the same state of facts. The doctrine is applicable where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction and, being cognizant of his legal rights and of such facts as will enable him to make an intelligent choice, brings his action by one of the methods. * * *" From the definition and character of the doctrine of election of remedies certain conditions must exist before the election becomes operative. These conditions or elements are: (1) the existence of two or more remedies, (2) the inconsistency between such remedies, and (3) a choice of one of them. 25 Am.Jur.2d Election of Remedies section 8 (1966); Rea v. O'Bannon, 171 Miss. 824, 158 So. 916 (1935). In applying these essentials to the facts of this case it is apparent that (1) there existed two remedies, (2) they were inconsistent with each other as they emerged from opposite and irreconcilable claims of right, and (3) the complainant made an irrevocable choice between these remedies.
The authorities are uniform in their holdings that the doctrine is a harsh one, that it is disfavored in equity, and that it should not be unduly extended. Anaconda, supra; and Simpson v. City of Gulfport, 239 Miss. 136, 121 So.2d 409 (1960). This limitation, however, is not a repudiation of the doctrine and it is available as a defense, though limited, dependent upon the facts and circumstances of the case in which it is invoked defensively.
The appellant cites cases of this Court to the effect that facts which arise out of the same transaction which give rise to distinct and independent causes of action may be concurrently or consecutively pursued to satisfaction. This is doubtless the rule of law as related to distinct and independent causes of action. However, a study of the cited cases indicates that none of them supports the position that a party complainant may pursue one of the causes of action to a successful conclusion and thereafter seek additional recovery upon an inconsistent remedy. In fact, the rule seems to be to the contrary and is stated in 25 Am.Jur.2d Election of Remedies section 19 (1966) as follows:
Where a party with knowledge of his rights and without imposition or fraud on the part of his adversary carries his case to a conclusion and obtains a decision on the issues involved, it is generally held that such action constitutes a conclusive election, so that an adverse judgment or decree will bar later resort to an inconsistent remedy, even though the mere bringing of a suit or the mere bringing of some procedural step in a suit which is abandoned or dismissed without a pronouncement on the merits is not considered to be an election. Where the remedies are inconsistent, the failure to secure satisfaction by means of the remedy adopted does not, it has been held, take the case out of the doctrine of election.
Compromise and settlement of a suit may constitute such an election as will preclude the plaintiff from thereafter prosecuting an action based upon a theory inconsistent with that upon which the former action was maintained, but the provisions of the settlement must be carried out.
The appellant contends that the two remedies are consistent and cumulative; that the facts which give rise to one suit will not support the other suit and for this reason there is no inconsistency. It is our opinion that the inconsistency derives from the factual situation as mentioned by the chancellor in his opinion when he stated:
It is true that complainant has proceeded in two distinct causes of action arising *787 out of separate and distinct facts, however, the difficulty here is one action alleges what the other action denies, and the facts necessary to support one remedy is inconsistent with those necessary to support the other.
The complainant had the choice of pursuing the remedy afforded to her as the alleged beneficiary in the policy or to prosecute a suit against the guardians for their failing to have the beneficiary changed to the complainant or to the insured's estate. Either cause of action was open to her, but not both causes. Complainant chose to pursue the legal route afforded her as the beneficiary of the policy and this was pursued to compromise and settlement. Complainant is bound by this election and cannot now proceed against the guardians. Quitman County v. Miller, 150 Miss. 841, 117 So. 262 (1929). See also Knowles v. Dark & Boswell, 211 Ala. 59, 60, 99 So. 312, 313 (1924), wherein it is stated:
"The compromise and settlement of a suit constitutes such an election as will preclude plaintiff from thereafter prosecuting an action based upon a theory inconsistent with that on which the former action was maintained."
See also Clarke v. Ripley Savings Bank & Trust Company, 27 Tenn. App. 387, 181 S.W.2d 386, 389-390 (1943), wherein it is stated:
"In cases where two or more inconsistent remedies are given, which depend upon inconsistent facts, and which must result in the suitor assuming a position inconsistent with the position which he must afterwards assume to prosecute the alternative remedy, an election, deliberately made with full knowledge of the facts and without fraud or imposition upon the part of his adversary, works a judicial estoppel whether the adversary has been injured thereby or not. The rationale of the doctrine is that courts will not permit suitors to solemnly affirm that a given state of facts exists from which they are entitled to particular relief."
See also Gerard v. National Bond & Mort gage Corp., 86 S.W.2d 74 (Tex.Civ.App. 1935); and In re J.A.M.A. Realty Corporation (Willcox v. Goess), 92 F.2d 3, 8 (Ct. App.2d Cir.N.Y. 1937) as follows:
* * * Having insisted upon her right against the Bank to the point of collecting a substantial sum, we think she irrevocably elected it and lost the alternative right against Jama.
The authorities cited by the appellant are not persuasive to her viewpoint as each relates to an election of a remedy which led to an unsuccessful conclusion. Here the election of facts necessary to the federal suit resulted in a fruitful compromise. We conclude from these circumstances that the appellant by the adoption of facts necessary to recovery in the federal suit waived the right to assert opposite and repugnant facts necessary to maintain this chancery suit. It is our opinion that the decision of the lower court on this point should be affirmed.
This issue being dispositive of the suit, no good cause would be served by a discussion of the other assignments of error.
Affirmed.
ETHRIDGE, C.J., and INZER, SMITH, and ROBERTSON, JJ., concur.