KING, C.J.,
for the Court:
¶ 1 Knight Properties, Inc. (KPI) and Chad Knight entered into a contract with State Bank & Trust Co. for a loan and offered six tracts of land as security. KPI and Knight defaulted on the loan, and State Bank pursued a monetary judgment. The Circuit Court of Madison County granted summary judgment to State Bank. KPI and Knight filed a post-trial motion to reconsider and to vacate the judgment, which was denied. KPI and Knight have appealed raising the following issues: (1) whether the doctrine of election of remedies prevents State Bank from seeking a monetary judgment instead of foreclosure; (2) whether equitable estoppel prevents State Bank from foregoing foreclosure, after notice was provided, and seeking mon *493 etary judgment; and (3) whether KPI or Knight waived the defenses of election of remedies or equitable estoppel by agreement. Finding no reversible error, we affirm.
FACTS
¶ 2 Knight is the principal owner of both North Place Seven Development, LLC (North Place) and KPI. On December 31, 2006, Knight purchased six tracts of land on behalf of North Place; and on February 7, 2006, the City of Madison (City) approved the final plat for development subject to specific restrictions. Those restrictions required Knight to replace the overhead power lines with underground facilities. The cost of compliance was approximately $130,024.62. Knight requested that the City waive the non-conforming restrictions on the specified tracts of land. On November 21, 2006, the City denied his request.
¶ 3 On November 30, 2006, North Place sold the six tracts of land to KPI for $300,000. On December 1, 2006, Knight appealed the denial of his request for a waiver to the circuit court alleging that the restrictions rendered the land “unmarketable.”
¶ 4 On January 16, 2007, KPI and Knight entered into a contract with State Bank for a loan and offered the six tracts of land as security. KPI was named as the promisor on the promissory notes, and Knight was named as a guarantor within the commercial guarantee. Knight represented to State Bank that the collateral property was valued at $300,000, but he failed to inform State Bank of the restrictions imposed on the land and that the cost of conforming to the imposed restrictions would decrease the value of the properties by nearly half. KPI and Knight defaulted on the promissory notes; as a result, on October 22, 2007, State Bank sent a notice of foreclosure. The foreclosure sale was to occur on November 26, 2007. State Bank procured an appraisal of the land in anticipation of the pending foreclosure, and only then, it was informed of the discrepancy in value.
¶ 5 Due to the discrepancy, State Bank opted to forego foreclosure and pursue a monetary judgment against KPI and Knight. On January 18, 2008, State Bank filed its complaint. On January 25, 2008, the appeal that Knight filed on behalf of North Place against the City was dismissed by the circuit court for failure to file timely a brief.
¶ 6 On November 7, 2008, after a period of discovery, State Bank filed a motion for summary judgment arguing that as a matter of undisputed fact, KPI and Knight were jointly and severally liable to State Bank on their promissory notes and guarantees. KPI and Knight filed a cross-motion for summary judgment claiming that State Bank was barred from enforcing the guarantees and notes based on the doctrine of equitable estoppel. Specifically, KPI and Knight alleged that reliance on the notice of foreclosure resulted in the dismissal of the appeal against the City. State Bank responded asserting that the elements of equitable estoppel were not met and that the contracts specifically waived the right to claim defenses against State Bank’s right to forego foreclosure and pursue a monetary judgment. On March 23, 2009, the circuit court granted summary judgment in favor of State Bank.
¶ 7 KPI and Knight subsequently filed a motion for reconsideration and to vacate the judgment arguing that State Bank’s election of the remedy of foreclosure barred it from changing that election and that KPI had detrimentally relied on State Bank’s notice of foreclosure. After a hearing on the merits, the circuit court denied *494 the motion. On November 2, 2009, KPI and Knight timely filed a notice of appeal.
ANALYSIS
¶ 8 This Court will review issues of contract construction as well as a trial court’s grant of summary judgment de novo. Leitch v. Miss. Ins. Guar. Ass’n., 27 So.3d 396, 398 (¶ 6) (Miss.2010); Limbert v. Miss. Univ. For Women Alumnae, Ass’n., 998 So.2d 993, 998 (1110) (Miss.2008).
I. Election of Remedies
¶ 9 KPI and Knight argue that the doctrine of election of remedies applies to bar State Bank from pursuing a monetary judgment against them after State Bank provided notice of foreclosure. The defense of election of remedies is not properly before this Court; therefore, this claim is procedurally barred.
¶ 10 Election of remedies is an affirmative defense. O’Briant v. Hull, 208 So.2d 784, 785-86 (Miss.1968). Mississippi Rule of Civil Procedure 8(c), specifically requires that, in pleading to a preceding pleading, a party shall set forth affirmatively certain listed defenses and any other matter constituting an affirmative defense. M.R.C.P. 8(c). Generally, if the defense is not specifically pleaded in the original answer, the defense is deemed waived. Hutzel v. City of Jackson, 33 So.3d 1116, 1119 (¶ 12) (Miss.2010) (citation omitted).
¶ 11 KPI and Knight did not specifically plead election of remedies as a defense in their original answer. In fact, the first reference to the doctrine of election of remedies was within the supplemental memorandum in support of defendant’s motion for reconsideration and to vacate the judgment. The supplemental memorandum was filed more than one year after the filing of the original complaint and more than three months after the entry of the final judgment in favor of State Bank.
¶ 12 This Court has held that: “[A] defendant’s failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.” Knox v. BancorpSouth Bank, 37 So.3d 1257, 1261 (¶ 11) (Miss.Ct.App.2010) (quoting Daughtrey v. Allred, 22 So.3d 1253, 1264 (¶ 26) (Miss.Ct.App.2009)). KPI and Knight failed to raise the affirmative defense of election of remedies in a timely and reasonable manner. Furthermore, KPI and Knight participated throughout the litigation process, including discovery and appearing for a hearing before the circuit court. The affirmative defense was only pleaded after the final judgment was entered. These facts are sufficient to find a waiver of the defense of election of remedies.
¶ 13 Procedural bar aside, in order for State Bank to be barred from pursuing a monetary judgment instead of foreclosure, Knight and KPI must satisfy the three necessary elements of the doctrine of election of remedies: (A) existence of two or more remedies, (B) inconsistency between such remedies, and (C) a choice of one of the remedies. O’Briant, 208 So.2d at 786.
A. Two or More Remedies
¶ 14 As for the first element, there is no dispute that there are two or more remedies in existence. State Bank could (1) foreclose on the secured property and pursue a legal judgment for deficiency or (2) seek a monetary judgment in total satisfaction of the debt. This element is satisfied.
B. Inconsistency Between Remedies
¶ 15 The Mississippi Supreme Court has specifically held that there is no inconsis *495 tency in a mortgagee’s legal and equitable rights, stating:
There is no inconsistency in the two remedies here available to [W.O.] Rea, receiver. He could pursue the foreclosure to conclusion, or, if he deemed it advantageous to himself, he could forego the foreclosure and proceed at law to collect his debt in the law forum.... There is no inconsistency between the legal and equitable remedial rights possessed by a mortgagee in case of a breach, and he may exercise them all at the same time, and resort to one is not a waiver of the other.
Rea v. O’Bannon, 171 Miss. 824, 832, 158 So. 916, 918 (1935). See also West Point Corp. v. New N. Miss. Fed. Sav. & Loan Ass’n., 506 So.2d 241, 243 (Miss.1986); Cooper v. Miss. Land Co., 220 So.2d 302, 308 (Miss.1969). This element is not satisfied.
C. Choice of Remedy
¶ 16 KPI and Knight argue that State Bank initiated foreclosure proceedings and, thus, elected their choice of remedy. The Mississippi Supreme Court has expressed its disfavor for the doctrine of election of remedies and held that the doctrine of election of remedies only applies once a cause of action is pursued to satisfaction. O’Briant, 208 So.2d at 786. A claim must be litigated to its conclusion in order to warrant the defense of election of remedies to bar a subsequent cause of action. Aetna Cas. and Surety Co. v. Berry, 669 So.2d 56, 72 (Miss.1996) (overruled on other grounds). State Bank did provide notice of foreclosure to KPI and Knight, but the cause of action was not pursued to satisfaction, and a foreclosure sale never occurred. See 25 Am.Jur.2d Election of Remedies § 15 (2004). Notification of a contemplated action, such as the filing of a notice of a claim, does not constitute an election that precludes the subsequent prosecution of an action or suit based upon an inconsistent remedial right. Id. Because notification or other such actions required by state law are generally not considered an election, this element is not satisfied.
¶ 17 KPI and Knight failed to satisfy the necessary elements for the doctrine of election of remedies to bar State Bank from pursuing a monetary judgment instead of foreclosure. This issue is without merit.
II. Equitable Estoppel
¶ 18 KPI and Knight argue that equitable estoppel applies to prevent State Bank from foregoing foreclosure and seeking a monetary judgment because KPI and Knight failed to participate in the appeal against the City in reliance on notice of foreclosure. In order to invoke the doctrine of equitable estoppel, KPI and Knight must prove by a preponderance of the evidence that the actions of State Bank induced Knight’s lack of participation in the pending appeal between North Place and the City and that KPI and Knight suffered a detriment in reliance on the notification of foreclosure. Harrison Enter., Inc. v. Trilogy Commc’n, Inc., 818 So.2d 1088, 1095 (¶ 31) (Miss.2002). Further, in order for equitable estoppel to apply, State Bank must have had reasonable foresight that such consequences may result. PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss.1984).
¶ 19 Knight alleges that once he received notice of foreclosure, he did not have time to prepare adequately for his appeal. The appeal against the City was filed on December 1, 2006, and the notice of foreclosure was issued ten months later. Detrimental reliance on the notice of foreclosure does not seem plausible when Knight had failed to participate in the *496 litigation of the appeal during the ten months prior to the notice of foreclosure.
¶ 20 The Uniform Circuit and County Court Rule 5.06 states that:
Briefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing and service, except that the parties should file only an original and one copy of each brief. The consequences of failure to timely file a brief will be the same as in the Supreme Court.
¶ 21 Therefore, the Mississippi Rules of Appellate Procedure apply. Mississippi Rule of Appellate Procedure 31(b) specifically states: “The appellant shall serve and file the appellant’s brief within 40 days after the date on which the record is filed.... ” Furthermore, Mississippi Rule of Appellate Procedure 31(d) permits dismissal of the appeal for failure to file timely the appellant’s brief. The circuit court recognized Knight’s failure; and on January 4, 2007, the court entered an order of deficiency pursuant to Mississippi Rule of Appellate Procedure 2(a)(2) for the “obvious failure to prosecute the appeal and a failure to comply substantially with the Mississippi Rules of Appellate Procedure.”
¶ 22 Beyond the element of detrimental reliance,. the doctrine of equitable estoppel requires that State Bank must have had reasonable foresight that such consequences could result. PMZ Oil Co., 449 So.2d at 206. There is no evidence to support the claim that State Bank could have anticipated the dismissal of the appeal. The appeal referenced the appellant as North Place; neither KPI nor Knight were named as parties to the appeal. Knight, as the principal owner of both businesses, did not inform State Bank of the restrictions imposed on the land or the appeal regarding the collateral. Even after notification of the foreclosure, Knight failed to inform State Bank of the pending appeal regarding restrictions affecting the specified tracts of land.
¶ 23 KPI and Knight fail to provide evidence to support their alleged detrimental reliance on the foreclosure sale or that State Bank should have anticipated that the notice of foreclosure could result in detrimental reliance. Accordingly, this issue is without merit.
III. Waiver of Defenses
¶ 24 In response to the appellant’s cross-motion for summary judgment, State Bank argued that KPI and Knight had waived the defenses of election of remedies and equitable estoppel by executing the contract. KPI and Knight argued that no waiver exists within the documents.
¶ 25 Pursuant to Mississippi law, a “court is obligated to enforce a contract executed by legally competent parties where the terms of the contract are clear and unambiguous.” Union Planters Nat’l Bank v. Jetton, 856 So.2d 674, 678 (¶ 15) (Miss.Ct.App.2003) (quoting Merchants & Fanners Bank v. State ex rel. Moore, 651 So.2d 1060, 1061 (Miss.1995)).
¶ 26 The language of the promissory note states:
Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishon- or. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of *497 time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender’s security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone.
¶ 27 The pertinent language of the commercial guaranty specifically states:
Except as prohibited by applicable law, Guarantor waives any right to require Lender ... (B) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the indebtedness or of any nonpayment related to any collateral, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the indebtedness ...
Guarantor also waives any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of (A) any “one action” or “anti-deficiency” law or any other law which may prevent Lender from bringing any action, including a claim for deficiency against Guarantor, before or after Lender’s commencement or completion of any foreclosure action, ... (D) any right to claim discharge of the indebtedness on the basis of unjustified impairment of any collateral for the indebtedness; ... (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness....
¶ 28 The language of the note and guarantee is clear and unambiguous. KPI and Knight waived the defenses of election of remedies and equitable estoppel in regard to State Bank’s decision to forgo foreclosure and pursue a monetary judgment. This issue is without merit.
¶ 29 THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. BARNES, J., NOT PARTICIPATING.