# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01770-COA

FRANKLIN N. WILLIAMS                                                          APPELLANT

v.

US BANK TRUST, N.A., AS TRUSTEE FOR LSF8                     APPELLEE
MASTER PARTICIPATION TRUST AS
ASSIGNEE OF MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC., NOMINEE
FOR AMERITRUST MORTGAGE COMPANY

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2016 |
| TRIAL JUDGE: | HON. M. RONALD DOLEAC |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BRILEY RICHMOND |
| ATTORNEY FOR APPELLEE: | GENE D. BERRY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED: 11/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Franklin Williams defaulted on a promissory note and deed of trust. US Bank Trust foreclosed the deed of trust and received a substitute trustee's deed. The Bank later discovered that the property description in both Williams's deed and the purchase money deed of trust contained errors.

¶2.     US Bank filed for a declaratory judgment and reformation of its deed of trust to correspond with the corrected description contained in Williams's deed, and thus allow it to proceed with foreclosure. The Pearl River County Chancery Court granted summary

judgment to US Bank, and Williams appeals. We find no error and affirm.

**FACTS**

¶3. In November 2003, Dan Boone Custom Homes Inc. acquired title to a ten-acre tract in Pearl River County. On February 23, 2004, Boone deeded five acres (including a house) to Williams. The warranty deed to Williams incorrectly referenced Section 26 instead of Section 27, but the indexing instruction properly referred to Section 27. The deed also referenced Stone County rather than Pearl River County, though it was filed in the Pearl River County Chancery Clerk's land deed records. Discovering the error, Williams obtained a quitclaim deed from Boone with a corrected description. The corrected quitclaim deed was filed with a survey of the five-acre tract, done by Hattaway Engineering, as an attachment. The survey described two five-acre parcels, identified as Parcels A and B. Parcel B was conveyed to Williams. Boone retained Parcel A, which it later sold.

¶4. At the time of purchase, Williams had executed a promissory note to Ameritrust Mortgage Company for $106,000. The note was secured by a purchase money deed of trust in favor of Mortgage Electronic Registration Systems Inc., nominee for Ameritrust. The deed of trust contained the same errors in the property description that were in Williams's original deed.

¶5. After Parcel B was conveyed to Williams, Boone mistakenly used the legal description for the entire ten acres to convey Parcel A, creating a conflict with Williams's deed. The conflict was corrected by subsequent deeds in the chain of title of both Parcels A and B.

These two deeds, along with the original corrective deed, confirm the final legal description of the Parcel B five-acre tract which had been purchased by Williams.

¶6.     Ten years later, Williams defaulted on the promissory note.  The erroneous deed of trust was noticed for a foreclosure sale on October 9, 2014.  At that sale, US Bank made a credit bid, and a substitute trustee's deed – with the erroneous description – was executed to US Bank.  When Williams failed to relinquish possession, US Bank filed suit in the Pearl River County County Court.  Williams defended alleging that the foreclosure was invalid because the deed of trust contained errors.  With the consent of the parties, the county court dismissed the Bank's suit without prejudice.

¶7.     US Bank then filed this action in the Pearl River County Chancery Court for reformation of the deed of trust to correct the property description to match that of Williams's corrected deed.  As part of its motion for summary judgment, US Bank attached an affidavit from David Lopez as trustee.  Based on that affidavit, the chancery court granted summary judgment to US Bank.

## STANDARD OF REVIEW

¶8.     "We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it . . . ." *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004).  Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a

3

judgment as a matter of law." M.R.C.P. 56(c).

¶9. "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis*, 869 So. 2d at 401 (¶10). "[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Furthermore:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway v. Travelers Ins.*, 515 So. 2d 678, 684 (Miss. 1987).

## DISCUSSION

### 1. Declaratory Relief and Reformation of the Deed of Trust

¶10. US Bank sought declaratory relief under Mississippi Code Annotated section 89-1-45 (Rev. 2011), which provides:

> Every mortgage given at the time of the purchase of real estate to secure the payment of the purchase money, whether such mortgage be given to the seller or to a third-party lender, shall be entitled to a preference over all judgments and other debts of the mortgagor, which preference shall extend only to the land purchased.

After Williams defaulted on the promissory note and deed of trust, US Bank bid at a public sale on what it understood to be the subject property. Williams did not oppose correction of the same errors in his deed, nor did he deny owing a balance on his debt for purchase money loaned to him by US Bank.

4

¶11.   The Mississippi Supreme Court, as well as this Court, has repeatedly affirmed judgments reforming a deed of trust to reflect parties' intentions. *See, e.g., Flowers v. Boolos (In re Estate of Smith)*, 204 So. 3d 291, 309 (¶38) (Miss. 2016); *Veterans Admin. v. Bullock*, 254 Miss. 562, 180 So. 2d 610, 614 (1965); *Walters v. Merch. & Mfr. Bank*, 218 Miss. 777, 67 So. 2d 714, 716 (1953); *Birchett v. Anderson*, 160 Miss. 144, 133 So. 129, 131 (1931); *Wright v. Henley*, 158 So. 3d 1166, 1170 (¶13) (Miss. Ct. App. 2014).   Here, due to a scrivener's error, Williams's deed and deed of trust listed the wrong section and county.  It is undisputed that Boone intended to convey a specific five acres to Williams in Pearl River County and that Williams intended to buy those five acres.  This intent is evidenced by the quitclaim deed obtained by Williams from Boone carrying out that intent.  Based on the clear intent of the parties, we find summary judgment was proper.

### 2.    Election of Remedies

¶12.   On appeal, Williams raises election of remedies as a defense.  Election of remedies is an affirmative defense and requires "(1) existence of two or more remedies, (2) inconsistency between such remedies, and (3) a choice of one of the remedies." *Knight Props. Inc. v. State Bank & Tr. Co.*, 77 So. 3d 491, 494 (¶13) (Miss. Ct. App. 2011).

¶13.   Because Williams failed to raise this defense in the trial court, it is waived.  Were it not waived, election of remedies does not apply.  Although two or more remedies exist here (foreclosure or a judgment in total satisfaction of the debt), our supreme court has held that there is no inconsistency in a mortgagee's legal and equitable rights. *See id.* at 494-95 (¶15).

5

### 3. Estoppel

¶14. Williams next raises the defense of equitable estoppel, a defense he also raised in chancery court. He cites no authority for his position. Our supreme court "has repeatedly held that failure to cite any authority may be treated as a procedural bar." *Rolison v. Fryar*, 204 So. 3d 725, 738 (¶33) (Miss. 2016).

¶15. Nevertheless, equitable estoppel does not apply here. The elements required for equitable estoppel are "(1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position." *Eagle Mgmt. LLC v. Parks*, 938 So. 2d 899, 904 (¶13) (Miss. Ct. App. 2006) (citation omitted). The record fails to show that Williams relied on any representation by US Bank. As a result, Williams cannot satisfy the remaining elements necessary for equitable estoppel.

### 4. Unclean Hands

¶16. Williams also raises the unclean hands doctrine as a defense. "[T]he clean hands doctrine prevents a complaining party from obtaining equitable relief in court" only if the party "is guilty of willful misconduct in the transaction at issue." *Scruggs v. Wyatt*, 60 So. 3d 758, 772 (¶34) (Miss. 2011) (quoting *Bailey v. Bailey*, 724 So. 2d 335, 337 (¶6) (Miss. 1998)).

¶17. Specifically, Williams claims that US Bank "engaged in quite egregious, fraudulent, and at times, unlawful activity in attempting to force [him] to surrender important rights . . . ." He refers to a demand letter from Frank Healy of Marisol Law Group, acting on behalf

of US Bank. For the first time on appeal, Williams claims that the letter directly violates the Federal Fair Debt Collection Practices Act. 15 U.S.C. §§ 1692 to 1692p (2012).

¶18. It is well established that this Court will not consider issues raised for the first time on appeal. *Fowler v. White*, 85 So. 3d 287, 293 (¶ 21) (Miss. 2012). Thus, we decline to address Williams's argument.

### 5. Affidavits

¶19. Williams finally claims that the chancellor failed to consider his own "affidavit" and erroneously relied on US Bank Trustee David Lopez's affidavit. We address each argument in turn.

¶20. Williams did not submit an affidavit. Rather, he attempts to categorize his unsworn response in opposition to summary judgment as an affidavit. Even so, the court stated in its motion that Williams failed to provide any evidence to create a genuine issue of material fact on either the merits of the reformation or on any potential defenses. We agree.

¶21. US Bank did present an affidavit from Lopez as trustee. Lopez testified to the undisputed facts as shown in the Pearl River County Chancery Clerk's land records – that the deed of trust contained a scrivener's error in the legal description. His affidavit also referred to the Hattaway Survey, which was recorded in the land records with a curative deed obtained by Williams.

¶22. Williams specifically argues that the affidavit lacks personal knowledge because Lopez, who resides in Texas, was not the scrivener and was not present at the auction. He

further argues that Lopez was not competent to testify. We find Williams's argument unconvincing. Not only did Lopez testify that he had personal knowledge of the facts he provided, Williams offered no evidence to contradict Lopez's sworn statements. Nor does Williams cite any authority requiring Lopez to have been the scrivener or present at the auction in order to have personal knowledge of the facts stated in his affidavit. Lopez simply testified via uncontested affidavit to matters within the purview of public record and US Bank files. Accordingly, we find the chancery court properly considered Lopez's affidavit.

## CONCLUSION

¶23. After review, we find that no properly presented evidence creates a genuine issue of material fact. Therefore the circuit court's grant of summary judgment is affirmed.

¶24. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**