260 So.2d 463 (1972)
CORAL DRILLING, INC., et al.
v.
Charles L. BISHOP.
No. 46600.
Supreme Court of Mississippi.
April 10, 1972.
Rehearing Denied June 5, 1972.
Gibbes, Graves, Mullins & Bullock, Laurel, Marvin Oates, Bay Springs, for appellant.
Maxey, Clark & Casey, Laurel, Robert H. McFarland, Bay Springs, for appellee.
GILLESPIE, Chief Justice:
This is an appeal from the Chancery Court of the First Judicial District of Jones County, Mississippi. Charles L. Bishop sued Coral Drilling, Inc. (Coral), then a nonresident corporation, and its driver, Robert Reeves, for personal injuries sustained when complainant fell from a telephone pole. The fall resulted in Bishop being totally and permanently paralyzed from the waist down. The chancery court found that Bishop had sustained damages in the amount of $350,000, but gave credit for $90,000 theretofore paid by G.B. "Boots" Smith, Inc. (Smith). Judgment was entered against Coral in the *464 amount of $260,000. The suit was filed in chancery court as an attachment in chancery because of the nonresidence of Coral and the fact that certain resident defendants were indebted to Coral. The principal question involves the doctrine of election of remedies. We hold that complainant was bound by his former suit wherein he charged Smith as the negligent party and settled that suit for the sum of $90,000.
On March 31, 1969, Bishop was engaged in restoring telephone service to the residence of F.E. Blakeney on Highway 528, a short distance from Bay Springs, Mississippi. He had been employed only a few days by the Bay Springs Telephone Company when he was injured. He and Leo McDevitt, an experienced employee of the telephone company, went to the Blakeney residence to replace a telephone wire that had been struck by a Smith truck the day before. Smith had numerous trucks operating in the area hauling oil field equipment. When Bishop and McDevitt reached the Blakeney residence, Bishop climbed the telephone pole which was south of the highway across the road from the Blakeney residence. In order to restore telephone service it was necessary to replace the insulated wire across the road. After Bishop made the connection on the telephone pole south of the road, he descended the pole and rolled off enough wire on the ground and then climbed the pole on the north side of the road. He pulled the wire tight to a height of about seventeen feet, made the proper connections, and was preparing to descend the pole when he saw a truck approaching, which he stated he watched for about forty yards. His spurs were driven into the pole and he leaned back against his safety belt anticipating a possible collision. The load on the truck struck the wire which he had just installed, causing the pole to whiplash at the top and strike Bishop in the head. He fell to the ground and was injured.
Bishop first filed suit in the Circuit Court of the Second Judicial District of Jasper County, Mississippi, against Smith and Coral, but not as joint tort feasors. Coral was joined in that suit on the allegation that Smith was in the furtherance of the business of Coral on the theory of master and servant. The declaration alleged that Smith was moving a drilling rig on one of its trucks and the height of the load was in excess of eighteen feet above the road surface in violation of the statutes of the State of Mississippi regarding heights of laden motor vehicles, and that said laden truck struck the telephone wire that caused the pole on which Bishop was working to bend toward the center of the road and snap back resulting in plaintiff's fall and injury.
In connection with the suit in circuit court, Coral propounded certain interrogatories to Bishop, No. 32 of which asked the plaintiff to identify the color and type of the large truck and trailer owned by Smith. Bishop answered under oath it was "A large red truck." Bishop swore to these interrogatories on the fifteenth day of February, 1970, and on the twenty-sixth day of February, 1970, Bishop dismissed the suit without prejudice as to Coral. On March 5, 1970, a judgment was entered in the Circuit Court of the Second Judicial District of Jasper County, approving a settlement of the litigation of Bishop against Smith for $90,000, to be distributed to Bishop, his attorneys, and Fidelity and Guaranty Underwriters, Inc., the workmen's compensation carrier of Bishop's employer who had intervened in the suit. The judgment also authorized the parties to execute all acquittances and discharges to complete the purpose of settlement. Pursuant thereto Bishop executed a covenant not to sue Smith. Coral was not a party to the proceedings since it had been previously dismissed from the suit. The judgment recited that the defendant Smith denied liability but recognized the severity and permanent nature of the injuries of the plaintiff and because of the uncertainty of the litigation offered $90,000 to purchase its peace in the premises and bring an end to the litigation against it.
*465 After settlement of the suit against Smith, the present suit was begun in the Chancery Court of the First Judicial District of Jones County, wherein it was alleged by Bishop is a sworn bill of complaint that he was injured as stated in the previous suit except that the telephone wire was struck by a truck belonging to Coral Drilling, Inc., and driven by Robert Reeves. At the trial in chancery court, Bishop testified that the truck which struck the wire was a tandem truck loaded with a mud tank, that its color was blue and had a white sign on the door, but that all he could make out of the name was "Coral."
The first question raised by Coral's assignments of error is whether the doctrine of election of remedies precluded Bishop from prosecuting the second action against Coral. This question has two points of inquiry: (1) Was it properly pleaded, and (2) does the doctrine apply to the circumstances involved in this case?
1. Coral's answer stated that Bishop had been fully compensated by the payment of $90,000 by G.B. "Boots" Smith, Inc.; that Bishop filed suit in the Circuit Court of the Second Judicial District of Jasper County, stating the names of the parties, and that the declaration alleged that a large truck and trailer owned and operated by G.B. "Boots" Smith, Inc., struck the telephone line in question, causing plaintiff's injuries and damages; and that the suit was settled by payment of $90,000 by Smith. The chancellor considered this statement in Coral's answer under the heading of "Plea in Bar" as raising the defense of election of remedies, but denied its application. We are of the opinion that the answer sufficiently raised the defense. It stated the facts concerning the issue of election of remedies and the proof of the former suit against Smith was admitted in support thereof. It is not necessary to designate a part of the answer by any particular terminology so long as the issue is raised by stating the facts. Mississippi Chancery Practice, Griffith, § 360, p. 344 (1950).
2. Bishop first sued Smith and swore to his answer to an interrogatory that the Smith truck[1] was "A large red truck."[2] The suit was thereafter settled for $90,000. Bishop then filed the present suit in another court and swore to a bill of complaint that it was a Coral Drilling, Inc., truck that struck the wire, and caused him to fall from the telephone pole. Moreover, he testified in the second suit that the color of the truck that struck the wire was blue and had a sign on the side containing the word "Coral."
This case is controlled by O'Briant v. Hull, 208 So.2d 784 (Miss. 1968), and the authorities therein discussed. As succinctly stated in O'Briant, the difficulty here is that one action alleges what the other action denies, and the facts necessary to support one remedy are inconsistent with those necessary to support the other. (208 So.2d at 787). The case now before the Court has an additional element not present in O'Briant in that Bishop, in the chancery court suit, swore to facts contrary to what he has sworn in the former suit. The two remedies Bishop sought to pursue are totally inconsistent; either a Smith truck struck the wire, or a Coral truck struck it. "The compromise and settlement of a suit constitutes such an election as will preclude plaintiff from thereafter prosecuting an action based upon a theory inconsistent with that on which the former action was maintained." (208 So.2d at 787). Courts will not permit litigants to solemnly affirm that a given state of facts exists from which they are entitled to a particular relief, and then afterwards affirm, or assume, that a contrary *466 state of facts exists from which they are entitled to inconsistent relief.
We hold that because Bishop prosecuted the suit against Smith to the extent of reaching a settlement based on the contention that a Smith truck caused his injuries, he was thereafter precluded from suing Coral for the same damages based on the contention that a Coral truck caused his injuries.
The doctrine of election of remedies determines this case and further discussion of Coral's assignment of errors is unneccessary. However, Coral's argument that Bishop was judicially estopped to maintain the second suit deserves comment. Although not sufficiently pleaded, a proper regard for the public policy that upholds the sanctity of an oath should require the court to take notice of this argument. Courts should on their own initiative preclude a party from repudiating in one suit a sworn statement made in support of former litigation.
For the reasons stated, the case is reversed and the bill of complaint is dismissed.
Reversed and rendered.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.
NOTES
[1] There can be no doubt that the truck referred to in his answer was the same G.B. "Boots" Smith, Inc. truck referred to in the declaration as being the one that caused his injuries.
[2] The proof showed that the G.B. "Boots" Smith, Inc., trucks were red, and Coral Drilling, Inc., trucks were blue.