# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-KA-01361-COA

**MICHAEL A. WILSON**                                                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/1996 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARCIE TANNER SOUTHERLAND |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED III |
| DISTRICT ATTORNEY: | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | 09/30/1996: COUNT I ARMED ROBBERY WITH A DEADLY WEAPON: COUNT II AGGRAVATED ASSAULT: CT I SENTENCED TO SERVE A TERM OF (17) YEARS; CT II SENTENCED TO SERVE (10) YEARS WITH CT I AND CT II TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MDOC. |
| DISPOSITION: | AFFIRMED - 8/3/99 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | denied 11/16/2000 |
| MANDATE ISSUED: 08/24/1999 | |

BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.

BRIDGES, J., FOR THE COURT:

¶1. Michael A. Wilson was convicted in the Circuit Court of Warren County of armed robbery with a deadly weapon and aggravated assault. Wilson was sentenced to a term of seventeen years for the conviction of armed robbery with a deadly weapon and ten years for the conviction of aggravated assault, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections.

Aggrieved, Wilson appeals arguing that he had ineffective assistance of counsel. Finding no merit to this issue, we affirm.

## FACTS

¶2. On February 16, 1996, Lori Joyner, a school teacher from Louisiana, was gambling at the Rainbow Casino in Vicksburg, Mississippi. She had won $4,000, and by 5:30 A.M.., she still had $3,300 in her purse. At approximately 5:30 A.M., Joyner entered the ladies' room, and while inside she was attacked. The assailant repeatedly hit Joyner in the head with a stool while standing on the commode in an adjoining stall. The assailant then pulled Joyner's purse from under the stall and exited the ladies' room. During the trial, Joyner testified that she left the ladies' room and caught up with the assailant, and observed that her purse was under his sweatshirt. Joyner identified Wilson as the assailant who attacked her and took her purse. In July of 1996, Wilson was indicted in the Circuit Court of Warren County for the crimes of armed robbery with a weapon and aggravated assault. The case was tried before a jury, and Wilson was found guilty on both counts. The court sentenced Wilson to a term of seventeen years for armed robbery and ten years for aggravated assault, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections. Wilson filed a motion for a judgment notwithstanding the verdict or in the alternative a new trial. The Circuit Court of Warren County denied Wilson's motion. Aggrieved, Wilson has now perfected this appeal.

## ARGUMENT AND DISCUSSION OF LAW

**I. COUNSEL FOR THE DEFENDANT COMMITTED ACTS AND/OR OMISSIONS WHICH WERE NOT THE RESULT OF REASONABLE PROFESSIONAL JUDGMENT AND WHICH RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL FOR THE DEFENDANT IN TRIAL.**

**II. COUNSEL FOR THE DEFENDANT WAS DEFICIENT IN HIS REPRESENTATION OF THE DEFENDANT AND COUNSEL'S DEFICIENT PERFORMANCE SO PREJUDICED DEFENDANT SO AS TO DEPRIVE DEFENDANT OF A FAIR TRIAL.**

¶3. Since these issues both deal with ineffective assistance of counsel, we will discuss them together.

¶4. Wilson argues that he was denied his right to effective assistance of counsel due to the following acts or omissions of his attorney: (1) he failed to prepare adequately for argument on the motions, (2) he failed to exercise full opportunity for voir dire of the jury by his failure to utilize fully peremptory challenges and challenges for cause, (3) he failed to investigate Joyner's injuries and failed to confront her undocumented claims of injury on cross-examination, (4) he failed to adequately confront witnesses called by the State, (5) he failed to call any witnesses for the defense, (6) he did not present to the jury an alternate theory as to the use of the stool, and (7) he gave credence to the testimony of Joyner and offered no alternative theory of the case to the jury. The state contends that the trial court committed no error with respect to Wilson's right to effective assistance of counsel. The state argues that Wilson's claims are nothing more than unsubstantiated allegations.

¶5. On any ineffective assistance of counsel claim, the appellant must satisfy the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668,687 (1984), as adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984). Under *Strickland*, the appellant must show that (1)

the counsel's performance was deficient and (2) that the deficiency prejudiced the defense. *Id*. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls withing the broad spectrum of reasonable professional assistance." *Eakes v. State*, 665 So. 2d 852, 872-873 (Miss. 1995). "Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will this Court find ineffective representation." *Id*. at 873.

¶6. Wilson claims that his counsel's performance was deficient, but he fails to show how this "deficiency" prejudiced the defense. The appellant claims that his attorney failed to prepare for argument on the motions, failed to investigate the make-up of the grand jury, and failed to investigate the appellee's injuries. However, Wilson never specifically stated any case law that supported the motions, nor did he ever state what an investigation would reveal or how it would have changed the result of the trial. *Cole v. State*, 666 So. 2d 767, 775-776 (Miss. 1995). Wilson also alleges that his counsel failed to adequately confront the witnesses called by the state, yet the record shows that his attorney cross-examined all of the State's witnesses. Wilson failed to demonstrate how his attorney was deficient in cross-examining the State's witnesses, and he failed to show how this deficiency would prejudice the defense. Wilson further claims that his counsel failed to call any witnesses for the defense, yet he failed to identify any witnesses that needed to be called, and he did not show what their testimony might have been and that it would produce a different outcome. *Finley v. State*, 97-CP-01215-COA (Miss. Ct. App. 1997). Wilson has claimed that his counsel's performance was deficient, but he fails to meet his burden of demonstrating both prongs of the *Strickland* test. Accordingly, we dismiss this assignment of error as lacking in merit and uphold Wilson's conviction of armed robbery with a deadly weapon and aggravated assault.

¶7. **THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND AGGRAVATED ASSAULT AND SENTENCE OF SEVENTEEN YEARS AND TEN YEARS TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WARREN COUNTY.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.**