## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01651-SCT

*WAYNE B. HARDY, LUIS LUNA, CATHERINE JOHNSON, DANNY MURPHY AND PATRICIA MEEK*

*v.*

*CLEVE B. BROCK*

| | |
|---|---|
| DATE OF JUDGMENT: | 9/11/2000 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JAMES W. NOBLES, JR. |
| ATTORNEY FOR APPELLEE: | DALE F. SCHWINDAMAN, JR. |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 9/12/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/3/2002 |

### BEFORE McRAE, P.J., AND EASLEY AND GRAVES, JJ.

### GRAVES, JUSTICE, FOR THE COURT:

¶1. This appeal arises from a lawsuit by five homeowners against developers of the Forest Woods Estates, Part 2B Subdivision (the subdivision) for compensatory and punitive damages for the alleged negligent design and/or construction of the surface water drainage system for the subdivision. Due to the alleged negligent design and/or construction of the surface water drainage system, damages were sustained by the homeowners who purchased new homes in the subdivision. In the final judgment dated September 11, 2000, the circuit court granted summary judgment to all the realtors and persons engaged in the selling of the homes. Summary judgment was granted to Cleve B. Brock. The homeowners maintain that the trial judge erred by granting summary judgment to Brock whom they allege acted individually as one of the developers of the subdivision. The homeowners maintain that Brock is personally liable for the negligent planning and installation of an inadequate drainage structure for their homes.

¶2. Finding that the trial court did not err in granting summary judgment to Brock, we affirm.

### PROCEDURAL HISTORY

¶3. The homeowners sued Cleve B. Brock, Robert Buchanan, Hinds County, and other realtors and homebuilders involved in the construction and sale of the homeowners' homes. The homeowners sought damages resulting from surface water drainage and flooding problems in the subdivision which is situated in

Hinds County, Mississippi. Originally, there were twelve plaintiffs; however, seven of the plaintiffs dropped their claims against all defendants, including Brock. After Brock's deposition, he filed a motion for summary judgment asserting all acts which he performed were done in a corporate capacity with Brock & Buchanan, Inc. The trial court, after reviewing the evidence in the record, granted Brock's motion for summary judgment, and issued its M.R.C.P. 54(b) final judgment dismissing with prejudice all claims asserted against Brock.

¶4. The five remaining homeowners filed their notice of appeal of the final judgment dismissing their claims against Brock on September 21, 2000. The parties advise us that during this appeal, one of the original homeowners, Wayne B. Hardy, settled his claims against the builder of his home, and is no longer prosecuting this appeal. However, this Court finds no record of an Order dismissing Hardy.

¶5. The homeowners filed their Amended Designation of the Record on June 14, 2001. They filed their Motion for Leave to Enlarge the Record in December 2001. This Court entered its order dismissing the Motion for Leave to Enlarge the Record for failure to comply with M.R.A.P. 10(e) on January 7, 2002. Thereafter, the homeowners filed an appeal contending there existed a genuine issue of material fact regarding whether Brock was acting corporately or individually with Robert Buchanan in the development of the subdivision.

## FACTS

¶6. Wayne B. Hardy, Luis Luna, Catherine Johnson, Danny Murphy, and Patricia Meek are homeowners who purchased homes in the subdivision. The subdivision is one phase of a series of subdivisions that are constructed around Lake Dockery in the Byram community in Hinds County.

¶7. The subdivision was constructed by Brock & Buchanan Properties, Inc. (the corporation). The corporation's certificate of incorporation was issued by the Mississippi Secretary of State on June 25, 1987. Cleve B. Brock was an officer and shareholder of the corporation, along with Robert Buchanan. Share certificates evidencing Brock's and Buchanan's stock ownership were issued in June 1987.

¶8. There exist minutes memorializing the corporation's organization and land records and promissory notes executed by Brock and Buchanan in their corporate capacities.

¶9. The corporation purchased the real property for the subdivision from Robert M. Buchanan, Jr. on August 7, 1987. The corporation acted as the owner and developer of the subdivision.

¶10. The area of land purchased for the subdivision was already largely developed, and a subdivision in this location had already been approved by Hinds County in 1972. The corporation made only a few alterations to the surface water drainage system as directed by a Hinds County engineer. Once the alterations took place, Hinds County approved the corporation plans for the subdivision.

¶11. The homeowners claim Brock sued the corporation, Robert Buchanan, and Robert Buchanan's daughter in a previous lawsuit in which Brock asserted that the corporation did not operate as a corporate entity.

¶12. Additionally, the homeowners' expert witness, George Hammitt, III, Ph.D., maintained, based on his examination of the subdivision, that there were no drainage structures in place and that Brock and the developers were negligent in failing to include proper drainage structures.

¶13. The circuit court granted summary judgment to Brock based on its finding Brock was acting corporately as opposed to individually in the development of the subdivision.

## STANDARD OF REVIEW

¶14. We review summary judgments de novo. *Heirs Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist.*, 743 So.2d 311, 314 (Miss. 1999). This de novo standard of review will determine whether there exists a genuine issue of material fact which could preclude entry of summary judgment. *Id.* The appellate court may not reverse the trial court's decision unless it appears "that triable issues of fact remain when the facts are viewed in light most favorable to the non-moving party." *Robinson v. Singing River Hosp. Sys.*, 732 So.2d 204, 207 (Miss. 1999). "If [the appellate court's] examination indicates that there is no genuine issue of material fact, the moving party is entitled to a judgment as a matter of law." *Id.* (citing *Newell v. Hinton*, 556 So.2d 1037, 1041-42 (Miss. 1990)). The non-moving party must be diligent and may not rest upon allegations or denials in the pleadings but must set forth specific facts showing that there exists genuine issues for trial. *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997).

## DISCUSSION

### I. Whether the Circuit Court of the First Judicial District of Hinds County, Mississippi, erred in granting Cleve B. Brock summary judgment.

¶15. The homeowners assert that the circuit court erred in granting Brock's summary judgment in accordance with Rule 56(c) of the Mississippi Rules of Civil Procedure. However, Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

¶16. In its final judgment granting Brock summary judgment, the court determined the homeowners presented no genuine issue of material fact. Therefore, the trial court concluded that Brock was entitled to a summary judgment as a matter of law. The trial court's decision was based on the following facts taken from the record: (a) land records evidencing that the corporation acted in a corporate capacity; (b) minutes memorializing annual meetings of the corporation's organization; (c) share certificates evidencing Brock and Buchanan's stock ownership as shareholders in the corporation; (d) the corporation's certificate of incorporation issued by the Mississippi Secretary of State; (e) evidence illustrating when the corporation purchased the subdivision from Robert M. Buchanan, Jr.; and (f) evidence illustrating that the corporation acted as the owner and developer of the subdivision after its purchase. These facts constituted such probative evidence as to validate the circuit court's final judgment to grant Brock summary judgment.

¶17. These facts supply sufficient evidence for affirming Brock's summary judgment as a matter of law. In accordance with Rule 56(c) of the Mississippi Rules of Civil Procedure, if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law, then summary judgment should be granted to the moving party. Based on the evidence the record before the trial court, Brock acted corporately as opposed to individually in the development of the subdivision.

¶18. "[I]ndividual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual wrongdoing." *Turner v. Wilson*, 620 So.2d 545, 548 (Miss. 1993). "When a corporate officer directly participates in or authorizes the

commission of a tort, even on behalf of the corporation, he may be held personally liable." *Id.*

¶19. The homeowners presented no proof evidencing Brock directly participated in the alleged misfeasance in the development.

¶20. To disregard the corporate entity in determining whether Brock should be held potentially liable for the corporation's possible negligence, the appellate court would have to consider a three-prong test to justify placing shareholder liability on the Brock *T.C.L., Inc. v. Lacoste*, 431 So.2d 918, 922 (Miss. 1983), *overruled on other grounds, C&C Trucking Co. v. Smith,* 612 So.2d 1092, 1105 (Miss. 1992); *Thames & Co. v. Eicher*, 373 So. 2d 1033, 1035 (Miss. 1979). In order to pierce this corporate shield, the homeowners must prove the following: (i) some frustration of contractual expectations regarding the party to whom he looked for performance; (ii) the flagrant disregard of corporate formalities by the defendant corporation and its principals; (iii) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder. *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989).

¶21. The homeowners failed to argue this corporate shield should be pierced if this Court does find that Brock was acting in his corporate capacity.

¶22. The homeowners bear the burden of proof and have not put forth any proof in the record evidencing Brock used the corporation's status as a corporate entity to perpetrate a fraud on them, nor any frustration of contractual expectations, or a disregard of corporate formalities. Thus, the homeowners have not proven the elements necessary to pierce the corporate shield. Brock did assist in the everyday sales and business operations of the corporation. However, this general assumption of sales duties and business operation duties for the corporation cannot be held a basis of liability for one agent or shareholder. *Id.* at 1047.

¶23. Additionally, in accordance with the corporate shield and alter ego liability, in order for there to be alter ego liability placed on one shareholder of a corporation, there must be a claim in existence against the corporation. 1 William Meade Fletcher, Fletchers Cyclopedia of the Law of Private Corporations § 41.28, at 608 (1999). A claim against the corporation is a prerequisite for alter ego liability being placed on one shareholder. *Id*.

¶24. The homeowners never pursued a claim against the corporation separately from their claim against Brock. Therefore, they have failed to satisfy the prerequisite needed to place liability on one shareholder of the corporation.

**II. Whether there existed a genuine issue of material fact which precluded the granting of summary judgment to Cleve B. Brock.**

¶25. The homeowners argue a genuine issue of material fact does exist based on a chancery court complaint in which they characterize Brock as stating that he acted "outside" or individually in relation with Robert Buchanan of Brock & Buchanan, Inc. Therefore, the homeowners argue Brock is judicially and collaterally estopped from claiming that he was acting corporately due to this previous proceeding. The homeowners support this election of remedies argument by several authorities including *Coral Drilling, Inc. v. Bishop*, 260 So.2d 463, 465-66 (Miss.1972). In *Coral Drilling, Inc.*, the plaintiff stated in one suit one fact and in another suit a different fact regarding the same thing. *Id.* The homeowners contend that since Brock elected to recognize himself as partner in this previous proceeding, then Brock should be considered only a

partner and thus acting individually as opposed to corporately on this appeal. Therefore, the homeowners argue this poses a material issue that should prevent entry of summary judgment for Brock.

¶26. Despite the argument, the homeowners failed to include this chancery court complaint as part of the record as required by M.R.A.P. 10.*,* and due to this Court's denial of their motion to enlarge the record in an attempt to include the chancery court complaint that could possibly raise the only material issue in this case, this chancery court complaint may not be considered on appeal. Mississippi appellate courts may not consider information that is outside the record. *Dew v. Langford*, 666 So.2d 739, 746 (Miss. 1995). The trial court's rulings are presumed correct, and this presumption will prevail unless the record shows otherwise. *Id*.; *Myers v. Miss. Farm Bureau Mut. Ins. Co.*, 749 So.2d 1172, 1174 (Miss. Ct. App. 1999).

¶27. Brock argues this chancery court complaint is irrelevant since it is not included in the record.

¶28. This Court affirms the circuit court's decision based on the fact that the only possible material issue (the chancery court complaint stating Cleve B. Brock elected to be considered a partner of Brock & Buchanan, Inc. as opposed to a corporate entity) the homeowners could argue on appeal has not been allowed to be included in the record. Therefore, the homeowners have raised no genuine issue of material fact. With no genuine issue present, Rule 56(c) of the Mississippi Rule of Civil Procedure controls, and the summary judgment for Brock must be affirmed.

## CONCLUSION

¶29. The trial court did not err in granting Cleve B. Brock summary judgment pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure. The trial court correctly ruled that the interrogatory responses, affidavits and other evidence in the record established no genuine issues of material fact against Brock. The only information that may have possibly created a material issue was not allowed in the record by this Court. Therefore, the record remains the same with no genuine issues of material fact being present to support a claim against the Brock. Therefore, the circuit court's judgment is affirmed.

¶30. **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR.**