# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00890-COA

RONALD D. STAFFORD AND TAMELA S. STAFFORD          APPELLANTS

v.

JAMES R. CANEDY, VANCE BROTHERS, INC.          APPELLEES
AND ATLANTIC SPECIALTY INSURANCE
COMPANY

| | |
|---|---|
| DATE OF JUDGMENT: | 05/31/2018 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MARYANNA PENTON |
| | JAMES COLLIN MALEY |
| ATTORNEYS FOR APPELLEES: | LAWRENCE ELDER HAHN |
| | JAMES D. HOLLAND |
| | ROBERT O. ALLEN |
| | JAMES HENDERSON HALL |
| | JESSICA SUSAN MALONE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 11/12/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. This case concerns a car accident that aggravated injuries Ronald D. Stafford had suffered in a previous car accident. Stafford filed suit regarding the first accident and, after the action was removed to a federal district court, was awarded damages. He filed suit regarding the second accident in circuit court. The defendants argued judicial estoppel applied to bar Stafford's recovery in the second suit. The circuit court agreed and granted

summary judgment for the defendants. Finding judicial estoppel does not apply and summary judgment was erroneously granted, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2012, Stafford was injured in a car accident. Two years later, he was injured in another car accident. Stafford was rear-ended in both accidents.

¶3. He filed suit in 2015 against several defendants, seeking damages resulting from the first accident. The case was removed to federal court. After a jury trial, Stafford was awarded approximately $1.2 million in economic and noneconomic damages. The defendants filed posttrial motions arguing that because the jury was aware of the second accident, it must have compensated Stafford for the injuries he sustained in both accidents.

¶4. The district court denied the defendants' posttrial motions, finding the jury was instructed "that it could not award any damages caused by the second accident." *Stafford v. Gov't Emps. Ins. Co.*, No. 1:15cv414, 2018 WL 736042, at *4 (S.D. Miss. Feb. 6, 2018). The district court also noted that defense counsel reminded the jury during closing arguments that it was "not to award any damages for whatever happened to [Stafford] in the July 2014 accident." *Id.* The defendants appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the judgment. *Stafford v. Lamorak Ins. Co.*, 754 Fed. App'x 241 (5th Cir. 2018).

¶5. Seeking damages from the second accident, Stafford filed suit in 2017 in the Pearl River County Circuit Court against James R. Canedy, Vance Brothers Inc., and Atlantic Specialty Insurance Co. (collectively Canedy). The complaint alleged Stafford suffered

aggravation of his preexisting injuries as well as new spinal injuries. Stafford's complaint also included a loss-of-consortium claim by his wife, Tamela.

¶6. Vance Brothers filed a motion for summary judgment alleging that Stafford's claims were barred by judicial estoppel. After a hearing, the trial court granted the motion. Stafford now appeals, arguing that judicial estoppel does not apply and that the trial court therefore erred in granting the motion for summary judgment.

## STANDARD OF REVIEW

¶7. Our "analysis requires [us] to use the abuse of discretion standard to review the trial court's determination that judicial estoppel is or is not applicable." *Adams v. Graceland Care Ctr. of Oxford LLC*, 208 So. 3d 575, 580 (¶12) (Miss. 2017). After that, we "use the de novo standard to determine whether summary judgment was or was not appropriate." *Id.*

## DISCUSSION

¶8. The trial court based its decision to grant summary judgment entirely on the application of judicial estoppel,[1] so we need only address whether judicial estoppel applied. "Judicial estoppel arises when one party asserts a position contrary to one taken in prior litigation," and it "precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation." *Clark v. Neese*, 131 So. 3d 556, 560 (¶15) (Miss. 2013). There are three elements of judicial estoppel: "A party will be judicially estopped from taking a subsequent position if (1) the position is inconsistent with one previously taken during litigation, (2) a

---

[1] Although the trial court's order simply granted the motion for summary judgment, the sole issue at the summary-judgment hearing was whether judicial estoppel applied.

court accepted the previous position, and (3) the party did not inadvertently take the inconsistent positions." *Id.* at (¶16). All three elements must be met for judicial estoppel to apply. *Gibson v. Williams, Williams & Montgomery P.A.*, 186 So. 3d 836, 846 (¶25) (Miss. 2016).

¶9. As to the first element, Stafford's position is not inconsistent because he filed two separate, unrelated civil claims. This is not the classic red truck/blue truck situation where a plaintiff declared in one suit that a blue truck caused his injuries and in another suit that a red truck caused the same injuries. *Coral Drilling Inc. v. Bishop*, 260 So. 2d 463, 465-66 (Miss. 1972).[2] Stafford's second suit alleged an aggravation of prior injuries plus a loss-of-consortium claim by his wife. He is not asserting a position in the second suit that is contrary to the one he took in the first suit. Even though Canedy argues that Stafford is seeking damages for injuries for which he has already been compensated, the district court ruled otherwise. *Stafford*, 2018 WL 736042, at *4. We agree that Stafford's position in the second suit is not inconsistent with his position in the first suit, and so the first element for judicial estoppel to apply cannot be met.

¶10. Canedy's argument was that Stafford had already been awarded damages from the first accident for "full economic loss," so he could not also recover "full economic loss" from the second accident. Yet there were pleaded damages from the second accident not included

---

[2] In that case, the Mississippi Supreme Court barred the second suit based on election of remedies but recognized that judicial estoppel might also bar the second suit. *Coral Drilling*, 260 So. 2d at 466. The Supreme Court stated that "Courts should on their own initiative preclude a party from repudiating in one suit a sworn statement made in support of former litigation." *Id.*

in the first suit. The trial court noted that "there were some additional expenditures that could be allocated in the [second accident]," like ambulance and emergency room bills. Stafford is entitled to seek to recover for medical and other noneconomic damages associated with the second accident, as well as his wife's loss-of-consortium claim. Although he can seek recovery for those claims, he is necessarily foreclosed from recovering past and future economic loss.

¶11.    Even if Stafford had taken inconsistent positions, which he did not, the district court did not accept his first position. The district court noted that Jury Instruction 14 "made it clear that Stafford carried the burden to prove, by a preponderance of the evidence, that his damages were caused by the . . . [first] accident." *Id.* Although the jury heard testimony about the second accident (but not the second lawsuit), it "was also instructed that it could not award any damages caused by the second accident." *Id.* On appeal to the Fifth Circuit, one of the defendants argued that the jury must have been unable to apportion damages between the first and second accidents. *Stafford*, 754 F. App'x at 243. But the Fifth Circuit disagreed and rejected the defendant's theory. *Id.* at 244.

¶12.    We have already found that Stafford did not take inconsistent positions, so the third element of judicial estoppel cannot be met.

¶13.    Because we find judicial estoppel does not apply here, we find the trial court's decision to grant summary judgment was erroneous. As a result, we reverse and remand for proceedings consistent with this opinion.

¶14.    **REVERSED AND REMANDED.**

5

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**